[Civ. No. 14851.  First Dist., Div. Two.  Jan. 16, 1952.]

JOSEPH WILLIAM ELLIS MANNING, Respondent, v. D. D. WATSON as Real Estate Commissioner, etc., Appellant.

Edmund G. Brown, Attorney General, and Carl W. Wynkoop, Deputy Attorney General, for Appellant.

Samuel D. Hamburg for Respondent.

NOURSE, P. J.—This is an appeal by the Real Estate Commissioner from a judgment granting respondent Manning a peremptory writ of mandate ordering said commissioner to annul his decision and order of suspension of respondent's license as a real estate broker for a 30-day period and annulling the proposed decision of the hearing officer adopted in said order of the commissioner.

Insofar as here relevant, the accusation which opened the disciplinary action charged respondent with violation of sections 10176 subdivision (i) and 10177 subdivision (f) of the Business and Professions Code, in that on or about May 2, 1947, in the Southern Division of the United States District Court for the Northern District of California respondent was charged with violation of sections 715 and 697 of title 38 U.S.C. and it further alleged that on December 2, 1949, respondent having been convicted of violation of said sections 715 and 697 of title 38 U.S.C. sentence was suspended and respondent placed on probation for a period of six months. Section 10176, subdivision (i), mentions as a ground for suspension or revocation of a real estate license any professional conduct of the licensee "which constitutes fraud or dishonest dealing" and section 10177, subdivision (f), as an additional ground that the licensee "acted or conducted himself in a manner which would have warranted the denial of his application for a real estate license." 38 U.S.C., section 715, penalizes as a misdemeanor the making or conspiring to be made false statements concerning claims for benefits and section 697 makes said provision applicable to 38 U.S.C., chapter 11C, World War II Servicemen's Readjustment Benefits.

The only evidence introduced by the commissioner at the trial before the hearing officer to prove facts as a basis for disciplinary action against respondent was a certified copy of the indictment, judgment and order of probation in the criminal proceedings referred to in the above accusation, which evidence was received over respondent's objection to the effect that it was inadmissible hearsay. Said records show that re-

spondent Manning was indicted in two counts, to both of which he pleaded not guilty and that he was found guilty as to one of these counts (Count II), which charged in substance that he knowingly conspired with the two codefendants to have certified in a home loan report, presented to the Veterans Administration, that the price paid by a veteran for property as to which government loan guaranty was sought was $6,400 and did not exceed the appraised reasonable value of $6,400, whereas they knew and concealed that the total price which they received from said veteran for the property was $7,400. (The codefendants were realty brokers in whose office respondent worked; they were accused in the disciplinary proceedings together with respondent but they are not involved in this appeal.) The probation order shows that respondent was placed on probation for six months and that because he and the seller had made restitution of the $1,000 overcharge he was, upon compliance with the terms of probation, at the end of the probation period to be released from all further liability. When after the introduction of said records the prosecution rested, respondent moved to dismiss on the ground that there was no competent evidence of the alleged violations of the Business and Professions Code before the hearing officer. The officer reserved his ruling and and it was expressly understood that testimony could be offered by respondent without waiver of the motion. Respondent thereafter testified in substance, that prior to the appraisal a contract of sale had been drawn for a price of $8,500. After the appraisal was made for an amount of $6,400 a new contract was drawn for that price. The seller, a contractor who was remodelling the house, would for that price sell the house only in the incomplete condition in which it was. The buyer wanted him to do additional work and to put in additional material and equipment and agreed to pay $1,000 for said extra work, material and equipment, $500 in cash and $500 in a personal note. Respondent received these from the buyer and turned them over to the seller. Respondent did not get any part of it and was not paid commission on the $1,000. The difficulties arose because the seller did not do everything he said he was going to do. Respondent had not advised the payment of the extra $1,000. He did not deliver any papers to the title company or accompany the buyers to the bank. They put in their application themselves. Respondent's attorney testified that respondent contributed $250 to the restitution of the $1,000 paid by the buyer, the balance being restituted by the seller.

He had explained earlier that the judge had ordered the restitution.

The findings of fact made by the hearing officer contained with respect to respondent, over and above a finding as to his status as licensee, only the charge made against him in the federal court and that after having pleaded not guilty he was found guilty of one violation, was given a suspended sentence and placed on probation for a period of six months. Pursuant to these findings the hearing officer determined that respondent had been guilty of violations of sections 10176, subdivision (i), and 10177, subdivision (f), of the Business and Professions Code in that he participated in conduct which constitutes dishonest dealing, and acted in a manner which would have warranted the denial of his application for a real estate broker's license in that he was convicted of a crime involving moral turpitude. The penalty proposed and the adoption of the proposed order by the commissioner have been stated before.

Respondent's petition for a writ of mandate brought up all the questions mentioned in section 1094.5, subdivision (b), Code of Civil Procedure except lack of jurisdiction and moreover insufficiency of the evidence and insufficiency of the facts alleged in the accusation to justify proceedings against respondent. The court found, among other things, in substance: that the accusation charged respondent Manning with the violations of the alleged sections of the Business and Professions Code only by reason of a conviction of a misdemeanor and does not plead any specific acts of dishonesty or other misconduct by respondent and that the hearing officer's determination that respondent was guilty of violations of said sections was reached solely on the basis of the record of aforesaid conviction after a plea of not guilty and that as a result respondent did not have a fair trial; appellant did not proceed in a manner required by law before the hearing officer; the decision against respondent was not supported by the finding and the evidence did not support the decision.

Appellant urges that the accusation was not founded on respondent's conviction of a misdemeanor but on the conduct of respondent in violating sections 715 and 697 of title 38 U.S.C. as charged in the federal court; that the records in the federal court admitted in evidence were competent and sufficient evidence of said conduct, which evidence was supplemented by the evidence introduced by respondent and that the court in the mandate proceeding independently judging

the weight of the evidence, giving considerable weight to the findings of the hearing officer, should have found that the weight of the evidence favored the decision.

Appellant's contentions cannot be sustained. · Section 10100 of the Business and Professions Code makes chapter 5 of title 2, division 3, part 1 of the Government Code, regulating administrative adjudication, applicable to proceedings for suspension of licenses by the Real Estate Commissioner. Section 11503 of said chapter requires initiation of said proceedings by filing of an accusation and further provides: "The accusation shall be a written statement of charges which shall set forth in ordinary and concise language the acts or omissions with which the respondent is charged, to the end that the respondent will be able to prepare his defense. It shall specify the statutes and rules which the respondent is alleged to have violated, but shall not consist merely of charges phrased in the language of such statutes and rules." ▇ Over and above the specifications of the sections of the code allegedly violated the accusation in this case contains as factual statement of the basis of the proceedings nothing but the charge and conviction of a misdemeanor in the federal court; the court below correctly so found. These allegations do not set forth as a fact any action or conduct of respondent as required for suspension proceedings under the sections cited as violated. Violation of section 10177, subdivision (b), Business and Professions Code, which mentions as ground for suspension or revocation of licenses conviction of a felony or a crime involving moral turpitude was not specified and there was no allegation that the violations of which respondent was alleged to have been convicted in federal court involved moral turpitude. The accusation therefore did not state acts or omissions upon which the commissioner may proceed. ▇ Such defect, mentioned as a defense in section 11506, subdivision (a) (2), Government Code, is not waived by failure to object in the administrative proceedings, as contrasted with objections to the form of the accusation mentioned in section 11506, subdivision (a) (3) which are waived by failure of timely objection (§ 11506, subd. (b)). ▇ The defect here involved may be raised at any time during the pendency of the proceedings before the hearing officer, the superior court or the appellate court. (Compare *Stuck* v. *Board of Medical Examiners*, 94 Cal.App.2d 751, 755 [211 P.2d 389], where the same was held with respect to jurisdiction of the administrative agency over the subject matter.) It supports the

superior court's finding that the appellant did not proceed before the hearing officer in the manner provided by law.

██ The records introduced into evidence by appellant were insufficient to prove any conduct of respondent violative of the sections of the Business and Professions Code specified. It was not contested that they sufficiently proved the charge and conviction alleged but it was contended that they were inadmissible to establish the conduct of respondent on which the judgment was based. The matter is governed by the following provisions of section 11513, subdivision (c), Government Code: ''The hearing need not be conducted according to technical rules relating to evidence and witnesses. Any relevant evidence shall be admitted if it is the sort of evidence on which responsible persons are accustomed to rely in the conduct of serious affairs, regardless of the existence of any common law or statutory rule which might make improper the admission of such evidence over objection in civil actions. Hearsay evidence may be used for the purpose of supplementing or explaining any direct evidence but shall not be sufficient in itself to support a finding unless it would be admissible over objection in civil actions.''

██ A judgment of conviction in a federal court is the sort of evidence on which responsible persons rely as proof of the conduct of the defendant on which the judgment is based and therefore the record of the judgment of conviction was admissible for that purpose in the administrative procedure here involved. ██ However such conviction is a determination of guilt by a third person or persons from evidence not before the court or administrative agency before which the judgment is offered in evidence and is clearly hearsay. (Compare *Rowe* v. *Such,* 134 Cal. 573, 576 [66 P. 862, 67 P. 760] and *Olson* v. *Meacham,* 129 Cal.App. 670, 675 [19 P.2d 527] which stamp verdicts in other causes hearsay.) ██ In civil actions a judgment of conviction in a criminal case is not admissible over objection to establish the truth of the facts upon which the criminal action was predicated (*Board of Education* v. *King,* 82 Cal.App.2d 857 [187 P.2d 427]; *Cope* v. *Goble,* 39 Cal.App.2d 448, 457 [103 P.2d 598]; *Burbank* v. *McIntyre,* 135 Cal.App. 482, 485 [27 P.2d 400]; *Risdon* v. *Yates,* 145 Cal. 210, 213 [78 P. 641]). ██ No plea of guilty which is admissible in civil actions as an admission is here involved. The judgment of

conviction was therefore only admissible for the purpose of supplementing or explaining some direct evidence.

The commissioner did not offer any direct evidence of respondent's conduct. The question is therefore presented whether the testimony of respondent and his attorney could be considered as such. The hearing officer did not reach this question at all, because he erroneously held that his finding of a charge and conviction after plea of not guilty in federal court of a misdemeanor which he, without any allegation or hearing as to that point, determined to involve moral turpitude, was in itself sufficient to support a suspension under sections 10176, subdivision (i), and 10177 subdivision (f), Business and Professions Code. As we have seen, suspension under these sections requires allegation and finding of certain conduct of repondent; the court below therefore correctly found that the decision was not supported by the findings.

Also the finding of the court below that the evidence before the hearing officer does not support the decision must be sustained.

No new evidence was offered in the mandamus proceedings. ▮ On the evidence before the hearing officer the superior court was authorized to exercise its independent judgment without being finally bound by the findings made after the administrative hearing. (Code Civ. Proc., § 1094.5, subd. (c); *Moran* v. *Board of Medical Examiners*, 32 Cal.2d 301, 308 [196 P.2d 20]; *Dare* v. *Board of Medical Examiners*, 21 Cal.2d 790, 801 [136 P.2d 304].) ▮ The question before us as to this point is solely whether the evidence, viewed in the light most favorable to respondent sustains the finding of the trial court to the effect that the charges against respondent were not supported by the weight of the evidence. (*Moran* v. *Board of Medical Examiners, supra,* at p. 309.) Even if we do not consider the specific understanding under which the evidence of respondent was offered and assume that the court below had to consider said evidence together with the judgment in the same manner as if it were offered by appellant for the purpose of deciding whether the weight of the evidence favored the decision, we find a conflict in which the weight was for the trial court and not for us. The general tenor of respondent's evidence was to deny all knowledge of the falsity of the statement that the price to be paid for the real property was not more than $6,400 or that the $1,000 paid over and above that price was anything but a separate payment for extra work and material desired by

the buyer and further to deny any part in the bringing about of the report concerning the price. Insofar as our function is concerned respondent's evidence favorable to himself must prevail, even if the fact testified to that respondent contributed to the restitution of the $1,000 might possibly be considered some direct evidence that might be supplemented and explained by the judgment of conviction in the federal court.

Judgment affirmed.

Goodell, J., and Jones, J. pro tem., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 13, 1952.