[Civ. No. 15667.   First Dist., Div. Two.   Mar. 25, 1954.]

DAVID G. SAUTTER, Respondent, v. CONTRACTORS' STATE LICENSE BOARD et al., Appellants.

Edmund G. Brown, Attorney General, and William M. Bennett, Deputy Attorney General, for Appellants.

George C. Carmody for Respondent.

KAUFMAN, J.—This is an appeal by the Contractors' State License Board, the Registrar of Contractors of said board, et al., from a judgment of the Superior Court of Contra Costa County issuing a writ of mandate ordering said board to set aside its decision of January 21, 1952, revoking certain licenses of petitioner David G. Sautter, the respondent herein and ordering that these licenses be restored to him.

On February 19, 1946, David G. Sautter had been granted a license as a plumbing contractor. He operated his business as an individual until May 7, 1946, when he entered into a written partnership agreement with George M. Derenia under the name of Bella Vista Plumbing and Appliance Company. When this change took place respondent mailed his license to the board. That office erased his name and substituted "Bella Vista Plumbing and Appliance Company." Respondent's attorney at that time advised him that all he needed to do was to send in his license to the state board and have the name changed. He also went to the State Board of Equalization to get a sales number and inquired of that office if there was anything further he had to do, but they indicated that they were satisfied that everything was in order.

Later respondent sent in his individual license to the state board and asked that it be changed to D & S Plumbing and Appliance Company. The board erased the name Bella Vista and inserted D & S Plumbing and Appliance Company and returned the license.

In April of 1948 the Master Plumbers Association advised respondent to apply for supplemental licenses. On April 14, 1948, he wrote to the board seeking supplemental licenses in eight classifications. The letter was written on stationery of the D & S Plumbing and Appliance Company on which appeared the name "George Derenia" in the upper left hand corner and the name "David G. Sautter" in the upper right hand corner. The letter was signed "D & S Plumbing & Appliance Company, David G. Sautter, Partner."

On one of the applications for a supplemental license for classification C43 incorrect information was given as to respondent's experience record. This experience record was completely different from respondent's record on his application for his plumbing contractor's license filed with the state board in 1946. It developed that the experience record on the C43 application was that of George Derenia rather than respondent's. The experience record began in 1907, whereas respondent's application for his contractor's license showed that he was born in 1906.

At the trial in superior court, respondent produced letters which his wife had discovered after the administrative hearing. These letters were in the files of the D & S Plumbing and Appliance Company, which had been stored in respondent's garage. He did not know of their existence at the

time of the hearing before the board, as he had usually attended to the outside work while Derenia took care of office work. The letter of July 1, 1949, signed by George Derenia advised the board as follows:

"Your form letter received June 10, relative to your records showing that David G. Sautter as doing business as an individual as D & S Plumbing and Appliance Company and that you believe that the firm is now a partnership due to fact that the new license application was signed by George M. Derenia.

"Please be advised this business has always been a partnership of David G. Sautter and George M. Derenia dba D & S Plumbing and Appliance Company.

"Our Contractors' License under classification C-36, plumbing was issued to D & S Plumbing & Appliance Company with the Partner David G. Sautter as the licensee.

"Mr. Derenia signed the renewal application in error which should have been signed by David G. Sautter. Your records should indicate that you originally issued the license as a partnership with David G. Sautter as licensee.

"Please check your records and advise the disposition of same."

In reply, N. J. Morrissey, Assistant Registrar of the board wrote on July 8, 1949, that their records showed that License No. 84922 was originally issued to Sautter as an individual, that a request for change of name style was made on a renewal application and granted for D & S Plumbing and Appliance Company, but that the change in name was granted because no change in personnel or ownership was indicated. They were advised to secure a contractor's license for the copartnership of Derenia and Sautter, and an application form was enclosed. The letter in conclusion stated that "This matter should be given your immediate attention because the co-partnership is unlicensed until an original license is secured."

No new license was obtained, and the partnership continued to operate until June, 1950, at which time it was dissolved. Respondent thereafter continued to operate the business under his own name.

On November 27, 1951, an accusation was filed with the Registrar of Contractors against David G. Sautter charging that he had violated sections 7112, 7114, 7115, 7116, 7117 and 7118, Business and Professions Code. It was charged that he entered into a partnership with George M. Derenia an unlicensed person, conspired with him to evade the pro-

visions of chapter 9 of the Business and Professions Code, that he acted in the capacity of a contractor in a name other than that set forth on the license and with personnel other than as set forth in the application for said license thus violating sections 7114, 7117 and 7118, Business and Professions Code; that he violated section 7116, Business and Professions Code in that he wilfully represented to Derenia that a partnership license had been issued, that this representation was knowingly false and that Derenia had been substantially injured by respondent's deceit; that he misrepresented his experience on the application for the supplemental classification C-43 in violation of section 7112, Business and Professions Code.

After a brief hearing on January 2, 1952, at which Sautter appeared without an attorney, he was found guilty on all charges and an order was made revoking all of his licenses. On February 4, 1952, respondent petitioned for an alternative writ of mandate. At the hearing in the superior court the transcript of proceedings before the hearing officer was introduced and additional evidence was received. In the findings of fact the court found that Sautter had entered into a partnership on May 6, 1946, with Derenia, an unlicensed person, and operated under this partnership until May, 1950, but that Sautter did not conspire with Derenia to evade any provisions of the Business and Professions Code, and that he believed that the license which he held was one under which the partnership was authorized to contract; that petitioner did not operate as a contractor under a name other than that set forth in his license; that he did not operate with personnel other than as set forth in his application. It was also found that petitioner never represented to Derenia that a partnership license had been issued to Derenia and petitioner as partners, and that Derenia learned that no partnership license had been issued prior to July 1, 1949; that petitioner did not intentionally misrepresent his experience or any other fact to the Contractors Board in filing his application for a C-43 classification, but that such experience was inserted in the application without his knowledge. It was further found that the board knew that the partnership was operating under a license issued to petitioner as an individual prior to July 8, 1949.

In the conclusions of law the court stated that petitioner did not violate any of the provisions of sections 7112, 7114,

7115, 7116, 7117 or 7118 of the Business and Professions Code, and that the following alleged violations were barred by section 7091, Business and Professions Code (a 2-year statute of limitations) : (a) Entering into the contract of partnership with Derenia; (b) the alleged representation to Derenia that a partnership license had been issued; (c) the filing of the application for the C-43 supplemental license; (d) making misrepresentations in said application.

Appellant contends that the complete and unlimited trial de novo violated the entire purpose of the legislation creating administrative agencies, and that the trial in the superior court was a useless repetition, not permitted in a case such as this. However, appellant admits that under section 1094.5, Code of Civil Procedure, the superior court is empowered to receive additional testimony. Under Code of Civil Procedure, section 1094.5, subdivision (d), the court may admit relevant evidence at the trial which was not produced at the administrative hearing if it finds that such evidence could not have been produced in the exercise of reasonable diligence. The trial court here expressly found that petitioner produced relevant evidence which he could not have with reasonable diligence produced at the hearing before the board. ▮ While it is true that one may not offer merely a skeleton defense before the administrative board hearing and later secure a trial de novo in an unlimited sense, additional evidence may be admitted if the showing required by section 1094.5, subdivision (d), is made. ▮ And if the credibility of witnesses before the board is brought into question at the mandamus proceeding, opportunity to contradict or impeach their testimony is to be afforded at the trial. (*Dare* v. *Board of Medical Examiners*, 21 Cal.2d 790, 799-800 [136 P.2d 304].) ▮ The correspondence between Derenia and the state board was admissible at the trial to impeach Derenia's testimony before the board that he did not know the partnership was not licensed and a reading of the transcript satisfies us that the trial judge had sufficient grounds for concluding that respondent could not have with reasonable diligence produced this evidence before the board.

▮ Appellant argues that section 7091 of the Business and Professions Code does not bar the agency from disciplinary action against Sautter. That section provides that "All accusations against licensees shall be filed within two years after the act or omission alleged as the ground for disciplinary action." Appellant admits that it is clearly a two-year

statute of limitations but contends that it should be construed so that the two years run from and after the date of the discovery of the fraud.

There was sufficient evidence before the trial court from which it could conclude, if appellant's construction of the statute be accepted, that as to some of the violations the Contractors' Board had notice thereof more than two years before filing the accusations. That is true of the accusation that respondent entered into a contract of partnership with Derenia, an unlicensed person, as the board's correspondence shows that they were aware of this fact prior to July 8, 1949. And if respondent had misrepresented the facts about the licensing of the partnership to Derenia, Derenia was advised of the true state of affairs in his correspondence with the state board in June and July, 1949. There is also adequate support in the record for the trial court's findings that petitioner did not intentionally misrepresent his experience on the application for the supplemental C-43 sheet metal license, and that he did not represent to Derenia that a partnership license had been issued to petitioner and Derenia as partners. The findings and decision of the trial court are binding upon this court when supported by substantial evidence. (*Moran* v. *Board of Medical Examiners,* 32 Cal.2d 301, 308 [196 P.2d 20]; *Manning* v. *Watson,* 108 Cal.App.2d 705, 712 [239 P.2d 688].)

Appellant contends that the trial court in the instant case is assuming the functions of the licensing agency and is giving to respondent a status as a licentiate in a classification he admittedly is not qualified to hold. That is not true. The trial court merely is exercising its power under the law in determining whether the decision of the licensing agency is just and proper. If, as respondent contends, section 7091, Business and Professions Code, bars all violations that have occurred prior to two years before filing the accusation, then respondent is not subject to disciplinary action for this offense. Although appellant argues that the general rule is codified in section 338, subdivision 4, Code of Civil Procedure, recognizing that an action for relief accrues only after discovery of fraud or mistake, it is to be noted that the statute of limitations in the Business and Professions Code contains no such subdivision.

The statutes in the Business and Professions Code providing for disciplinary action, forfeiture of licenses, etc., appear to be penal in nature and must therefore be strictly construed.

(*Oddo* v. *Hedde*, 101 Cal.App.2d 375, 383 [225 P.2d 929].)
■    Statutes of limitation in reference to criminal violations run from the date of the commission of the crime and not from the date of its discovery. (*People* v. *Kinard*, 14 Cal.App. 283 [111 P. 504].)    ■    Section 7091 of the Business and Professions Code likewise commences to run from the date of the commission of the act complained of.

Appellant points out that laws such as these governing the qualifications of persons in certain trades and professions are enacted for the safety of the public, and the safety of the public is not insured if the court licenses an unqualified person. (See *Fraenkel* v. *Bank of America*, 40 Cal.2d 845 [256 P.2d 569] ; *Schireson* v. *Shafer*, 354 Pa. 458 [47 A.2d 665, 165 A.L.R. 1133].) Even if the mistakes in Sautter's application for the C-43 license were made in good faith, he is not qualified to hold that license. The record at the administrative hearing shows that he admitted that he could not meet the qualifications for that particular supplementary license.    ■    Even if the statute had run on the misrepresentation in the application, in our opinion his admission that he lacked the qualifications to hold that license should bar the trial court from ordering that particular license restored.

It is admitted that Sautter and Derenia operated in partnership as contractors from May, 1946, to June, 1950. Obviously, then, they operated in this relationship for a period not barred by section 7091, Business and Professions Code. The finding of the trial court that this particular accusation is barred by the statute of limitations is erroneous to that extent. However, the trial court also found that the lack of intention on respondent's part prevented a violation. Appellant states that the mere doing of the act is forbidden regardless of the state of mind of the wrongdoer, but cites no authority. Respondent maintains that in determining whether there is ground for disciplinary action, the matter of good faith is important. It was so held in *State Bar* v. *Rollinson*, 213 Cal. 36 [1 P.2d 428] and *In re Jung*, 13 Cal.2d 199 [88 P.2d 679].    ■    Not every failure to have a license is a violation of law. (*Oddo* v. *Hedde*, 101 Cal.App.2d 375 [225 P.2d 929] ; *Norwood* v. *Judd*, 93 Cal.App.2d 276 [209 P.2d 24] ; *Gatti* v. *Highland Park Builders, Inc.*, 27 Cal.2d 687 [166 P.2d 265].)    ■    There was sufficient evidence to support a finding that Sautter acted in the utmost good faith and never intentionally concealed anything from the Contractors' Board. The trial court in the exercise of its independent judgment was justified in conclud-

ing that the severe disciplinary action taken by the board was not warranted after it had taken into consideration the evidence before the board together with the additional evidence produced at the trial. (*Moran v. Board of Medical Examiners*, 32 Cal.2d 301 [196 P.2d 20].) It may be said here as was said in *Norwood* v. *Judd*, a case wherein no partnership license had been obtained, but one partner was a licensed contractor, that "this is not a case where the partners engaged in a business prohibited by statute or public policy, or where a license would not have been issued had application been made." A partnership license may be secured if but one of the partners meets the qualifications, and here Sautter had already been licensed as a contractor. (See Bus. & Prof. Code, §§ 7068, 7069, 7071.)

In view of the foregoing the judgment of the trial court should be modified so that the decision of respondent board revoking the C-43 license be sustained and as so modified, the judgment should be affirmed.

Judgment affirmed as modified.

Nourse, P. J., and Dooling, J., concurred.