[Civ. No. 9153. Third Dist. Oct. 9, 1957.]

RUSSELL S. MUNRO, as Director of the Department of Alcoholic Beverage Control, etc., Respondent, v. ALCOHOLIC BEVERAGE CONTROL APPEALS BOARD etc., et al., Defendants; PEARL V. MOSS et al., Real Parties in Interest and Appellants.

Condon, Dolgin & Page for Appellants.

Edmund G. Brown, Attorney General, E. G. Funke, Assistant Attorney General, and William T. Chidlaw, Deputy Attorney General, for Respondent.

WARNE, J. pro tem.*—This is an appeal from a judgment of the Superior Court of Sacramento County granting a writ of mandate which annulled the decision of the Alcoholic Beverage Control Appeals Board reversing a decision of the Department of Alcoholic Beverage Control suspending for a period of 30 days the on-sale beer license of Pearl V. Moss and Edgar A. Moss doing business as the Shamrock Café.

On July 28, 1954, an accusation was filed with the department charging the Mosses with two violations of section 25658, subdivision (a), and section 24200, subdivision (b), of the Business and Professions Code. Section 25658, subdivision (a), provides that:

"Every person who sells, furnishes, gives, or causes to be sold, furnished, or given away, any alcoholic beverage to any person under the age of 21 years is guilty of a misdemeanor."

Section 24200, subdivision (b), provides as a ground for suspending a license that:

"Except as limited by Chapters 11 and 12 of this division, the violation or the causing or the permitting of a violation by a licensee of this division, any rules of the board adopted pursuant to Part 14 of Division 2 of the Revenue and Taxation Code or any rules of the department adopted pursuant to the provisions of this division, or any other penal provisions of law of this State prohibiting or regulating the sale, exposing for sale, use, possession, giving away, adulteration, dilution, misbranding, or mislabeling of alcoholic beverages or intoxicating liquors."

The accusation charged in Count 1 reads:

"On or about July 22, 1954, Edgar A. Moss, one of the above named licensees, at their above-mentioned premises, did sell, give and furnish, and cause to be sold, given and furnished, beer, an alcoholic beverage, to Patricianne Hunn and Harriet Galliger, persons who were then and there under the age of twenty-one years, and did then cause and permit said Patricianne Hunn and Harriet Galliger to consume said beer in and upon their above-described premises, to which was then issued the above-mentioned on-sale beer license."

Count 2 was identical, except that the violation was alleged to have occurred on July 25, 1954.

After a hearing on the charges, the hearing officer found that the licensees had not on either date violated section 25658, subdivision (a); that the licensees had permitted both

---

*Assigned by Chairman of Judicial Council.

girls to consume beer on their licensed premises on July 22, 1954, and had permitted Harriet to consume beer on the licensed premises on July 25, 1954; and that section 24200, subdivision (b) had been violated. The hearing officer recommended that the license be suspended for 15 days for each violation and that the suspensions run concurrently. The decision of the hearing officer was adopted by the department, except that the suspensions were ordered to run consecutively.

An appeal was then taken to the Alcoholic Beverage Control Appeals Board. The appeals board reversed the decision on the ground that it was not supported by the findings. A concurring opinion was prepared by one board member in which he also stated that the department exceeded its jurisdiction because the accusation did not comply with the requirements of section 11503 of the Government Code, which requires that:

". . . The accusation shall be a written statement of charges which shall set forth in ordinary and concise language the acts or omissions with which the respondent is charged, to the end that the respondent will be able to prepare his defense. It shall specify the statutes and rules which the respondent is alleged to have violated, . . ."

After the decision of the appeals board, the department sought a writ of review in the superior court. After a hearing the decision of the appeals board was ordered annulled. The Mosses have now appealed from the decision of the superior court.

█ The first contention of the appellants is that, in order to find a violation of section 24200, subdivision (b), of the Business and Professions Code, it is necessary for the accused to have knowledge of the violation or that the accused was negligent in not discovering the violation. This argument was advanced and rejected in *Mercurio* v. *Department of Alcoholic Beverage Control*, 144 Cal.App.2d 626 [301 P.2d 474]. The court held that knowledge need not be shown unless the statute itself required that the act be knowingly done. Neither section 24200, subdivision (b), nor section 25658 requires that the act be knowingly done. A licensee can be held to have permitted a violation by a showing that the acts themselves took place.

Appellants next contend that before they can be held responsible for permitting a violation of a penal provision of the law it must be shown that there was an actual violation. Appellants are contending here that either it must be shown

that one of the minors was convicted of the misdemeanor or a finding must be made that the minors voluntarily consumed beer with intent to consume it on the licensed premises. If there is evidence that a violation occurred on the premises the licensee is responsible for it. (*Maxwell Cafe* v. *Department of Alcoholic Beverage Control,* 142 Cal.App.2d 73 [298 P.2d 64].) Both girls testified that they consumed beer on the premises. If their act was involuntary, it would not aid the licensee. The statute says if the licensee permits a violation, his license may be suspended or revoked.

Appellants next contend that the accusation filed against them failed to comply with section 11503 of the Government Code in that the accusation did not specify the statute which appellant was found to have permitted to be violated. The accusation, in addition to alleging specifically the charges against the licensees, as hereinbefore quoted, also charged a violation of sections 25658, subdivision (a), and 24200, subdivision (b), of the Alcoholic Beverage Control Act. The finding was that the licensees had not violated section 25658, subdivision (a), which provides that "Every person who sells, furnishes, gives, or causes to be sold, furnished, or given away, any alcoholic beverage to any person under the age of 21 years is guilty of a misdemeanor," but that they had violated section 24200, subdivision (b).

Appellants claim that the accusation should have alleged specifically that the licensees had violated section 25658, subdivision (b), which section provides: "Any person under the age of 21 years . . . who consumes any alcoholic beverage in any on-sale premises is guilty of a misdemeanor."

It is to be noted that under subdivision (b) of section 25658 the penalty is only against the minor—not the licensee. However, subdivision (b) of section 24200 is a portion of the section which sets forth the ground for the suspension or revocation of licenses. The pertinent portions of the section applicable to the instant case are as follows:

"The following are the grounds which constitute a basis for the suspension or revocation of licenses:

".       .       .       .       .       .       .       .       .       .       .       .

"(b) Except as limited by Chapters 11 and 12 of this division, the violation or the causing or the permitting of a *violation by a* licensee of this division, any rules of the board adopted pursuant to Part 14 of Division 2 of the Revenue and Taxation Code or any rules of the department adopted pursuant to the provisions of this division, or any other *penal*

*provisions of law of this State,* prohibiting or regulating the sale, exposing for sale, *use, possession,* . . . of alcoholic beverages or alcoholic liquors.'' (Italics added.)

It seems clear to us that section 24200, subdivision (b) authorized the suspension or revocation of a license whenever any licensee permits the violation of any penal provisions of law prohibiting the use or possession of alcohol beverages or intoxicating liquors. Obviously, permitting the two minors to consume beer on the licensed premises is a violation of a penal provision of law regulating the use of alcoholic beverages and is a sufficient ground under section 24200, subdivision (b), to suspend the license. It was not necessary to allege in the accusation a violation of section 25658, subdivision (b), since that subdivision does not charge or penalize the licensee.

There is no merit in the contention that the accusation did not inform the licensees that, having proved the licensee did not sell or furnish or cause to be sold or furnished alcoholic beverages, the licensee could still have been found guilty of permitting minors to consume such alcoholic beverages on the premises. While charging the licensees with selling, giving or furnishing, or causing to be sold, given and furnished, beer to the minors, the accusation further alleged in clear, concise language and unmistakable meaning that the licensee ''did then cause and permit said Patricianne Hunn and Harriet Galliger to consume said beer in and upon their above-described premises, to which was then issued the above-mentioned on-sale beer license.'' We conclude that the accusation properly stated a charge against the licensees for a suspension of their license.

Appellants rely upon the case of *Manning* v. *Watson,* 108 Cal.App.2d 705 [239 P.2d 688]. As pointed out by respondent, the case differs materially in at least three respects from the instant case. In the Manning case the accusation charged the licensee with violations of two sections but did not allege sufficient facts to support the charge. In the instant case the section alleged was supported by very clearly setting forth the facts constituting the violations. Secondly, in the Manning case the accusation failed to allege violation of a section under which the licensee could have been charged. In the instant case the licensees were charged with violating the only section which was pertinent, in so far as permitting consumption was concerned. And, finally, in the Manning case the evidence failed to support the finding of violation

332

of the section charged, while in the instant case the evidence clearly supports the finding of violation of section 24200, subdivision (b), the section charged in the accusation. The Manning case is neither in point nor persuasive.

■ It is next urged by appellant that the trial court failed to give proper deference to the decision of the Alcoholic Beverage Control Appeals Board. Suffice it to say the trial court having concluded that the decision of the appeals board was erroneous, it was the duty of the court to reverse it.

■ Nor is there any merit in appellants' contention that the penalty imposed by the administrative agency was improper. The question of penalty is for the administrative agency unless an abuse of discretion is established as a matter of law. (*Fuller* v. *Board of Medical Examiners*, 14 Cal.App. 2d 734, 742-743 [59 P.2d 171]; *Black* v. *State Personnel Board*, 136 Cal.App.2d 904, 912 [289 P.2d 863].) We find nothing in the record indicating an abuse of discretion.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied December 4, 1957. Carter, J., and Schauer, J., were of the opinion that the petition should be granted.