[Civ. No. 23036. Second Dist., Div. Three. Jan. 12, 1959.]

HENRY BRUNO BACKMAN et al., Respondents, v. STATE OF CALIFORNIA, DEPARTMENT OF PROFESSIONAL AND VOCATIONAL STANDARDS et al., Defendants; CONTRACTORS' STATE LICENSE BOARD, Appellant.

Edmund G. Brown, Attorney General, and N. B. Peek, Deputy Attorney General, for Appellant.

Winston & Winston and Will H. Winston for Respondents.

VALLÉE, J.—Appeal by the Contractors' State License Board from a judgment ordering that a writ of mandate issue commanding it to restore to petitioners the licenses to carry on their business as a plumbing contractor and to dismiss the proceedings in which an order revoking the licenses was made.

On July 18, 1955, respondent Backman filed an application with the board for a plumbing contractor's license. At the top of page 3 of the application form provided by the board there was printed: "The right to take an examination is predicated on the construction experience of the person to be examined. The examinee must have had, within the ten years immediately preceding the date of filing this application, not less than four years experience as a journeyman, foreman, supervising employee or contractor in the particular classification of license for which application is made. . . . Credits are allowed for construction experience had in the particular classification of the building and construction industry for which an examination is taken. It is, therefore, advantageous

to list fully such experience in detail.'' Beneath this paragraph were printed headings, under which Backman listed his experience as follows:

| "Employed by or Worked for (If self employed—so state) | Worked as: Describe in Detail work Done (See instruction sheet) | From— Month and Year | To— Month and Year |
|---|---|---|---|
| NAME Waldow Plmbg. Co. self-emp. (partnership) ADDRESS 416 W. Broadway Long Beach, Calif. | Full responsibility and complete managership of company. All estimating and full direction of men and jobs. | 1/1/54 | present |
| NAME Don W. Bivens Plmbg. ADDRESS 3393 Orange Ave. Long Beach, Calif. | plumber repair plmbg. and part-time estimator. | July, 1952 | Dec., 1953 |
| NAME Waldow Plmbg. Co. ADDRESS 416 W. Broadway Long Beach, Calif. | plumber. Due to failing health of Mr. Waldow, examinee (with help of another employee) had full responsibility of shop — estimating and directing jobs, and men. | Sept., 1949 | July, 1952'' |

The registrar approved the application and Backman took the examination. He failed to pass Part II of the examination by almost three credits; however, based on the experience listed in his application, and pursuant to section 726[1] of title 16 of the California Administrative Code, three credits were added by the registrar to his score, giving him a passing grade.

[1]Section 726: "Experience credits shall be computed and added to the examination grade for experience had within the last 10 years immediately preceding application (service in the armed forces shall extend this 10-year period on a year for year basis), as a journeyman, foreman, supervising employee or contractor, in the same classification within which the applicant applies for license, at the rate of one credit for each six months or the major portion thereof, commencing with and including the fifth year and ending with and including the ninth year of such experience.

"Credits for experience shall be added only to the grade attained in Part II of the examination. A maximum not to exceed 10 credits may be added for experience.''

On September 7, 1955, he was issued a plumbing contractor's license. On October 14, 1955, Backman and Frances C. Robinett made application for a partnership plumbing contractor's license in their names, doing business as Waldow Plumbing and Heating Company. A partnership license was issued November 3, 1955, without examination, under authority of section 774[2] of title 16 of the Administrative Code, based on the individual plumbing contractor's license previously issued to Backman.

On April 9, 1956, an accusation was filed by an investigator for the board, charging in substance that Backman had violated sections 7112, 7115, and 7122 of the Business and Professions Code in that, in his application for the individual license, he had misrepresented material facts with respect to his work experience and he had failed to comply with section 7068 of that code and section 724 of title 16 of the Administrative Code,[3] and was therefore subject to disciplinary action under section 7112 of the Business and Professions Code.[4] It was further alleged that since the partnership license was obtained on the basis of the license issued to Backman individually the partnership was also subject to disciplinary action.

A hearing was held by a hearing officer after which he

---

[2]Section 774: "No written examination shall be required of any applicant or of any of the personnel of any applicant, who shall have previously personally qualified by written examination within a period of four years immediately preceding the date of filing of application for license in the same classification within which the applicant presently files for license."

[3]Section 724: "Every applicant for a contractor's license must have had, within the last ten years immediately preceding the filing of the application, not less than four years experience as a journeyman, foreman, supervising employee or contractor in the particular class within which the applicant intends to engage as a contractor.

"An applicant who was a former license holder or who was a member of a licensee entity actively engaged in conducting the business of such licensee in the same classification applied for may compute his experience as a journeyman, foreman, supervising employee or contractor in the classification applied for without regard to the ten-year limitation.

"An applicant shall not be jeopardized in computing time by his service in the armed forces of the United States during a National Emergency and such length of service may be added to the ten years mentioned above.

"Acceptable technical training in an accredited school will be counted as experience, but in no case will technical training count for more than three years experience.

"The required experience shall be possessed by one member of the applicant entity or by a responsible managing employee therefor and he shall be required to take the examination."

[4]Section 7112. "Misrepresentation of a material fact by an applicant in obtaining a license constitutes a cause for disciplinary action."

found that Backman had misrepresented in his application that he had been a journeyman plumber and supervising employee for four years when in fact he had been only an apprentice plumber with no supervising authority for a substantial part of this period; the misstatement was as to a material fact relative to his experience; in reliance thereon a plumbing contractor's license was issued; and the individual and partnership licenses were subject to disciplinary action. His recommendation that both licenses be revoked was adopted by the board.

Respondents Backman and Robinett petitioned the superior court for a writ of mandamus to compel the board to restore the licenses. The court found: the evidence adduced at the hearing on the accusation is insufficient to sustain the decision of revocation; the evidence before the board showed that respondents are not guilty of any of the charges alleged in the accusation or any of the violations of law charged therein; there is no substantial evidence that respondents had been guilty of any misrepresentation of facts in obtaining the licenses; there is not sufficient evidence to show that Backman made any misstatement of fact whereby he obtained any credit of three points of credit allowed him by the registrar; there is not sufficient evidence to show that Backman made any misstatement of any fact in his application or otherwise relative to his experience, as required by section 7068 of the Business and Professions Code; the evidence is conclusive that Backman neither knew of the granting of credits by the registrar until after he had been granted his license nor did he request the registrar to grant him any credits for his experience in his application or otherwise; the evidence is conclusive that Backman took the examination solely on the basis of his written application which he presented to the board in good faith; the finding of the hearing officer that the registrar, in reliance on Backman's experience record, allowed an additional three points to Backman is not true for the reason there is no misstatement of facts in the application on which the registrar could have relied.

The court further found: Backman was employed as an apprentice plumber from September, 1949, until June 10, 1953; during that period he did the work of a journeyman plumber whenever required to do so; from September, 1949, to July, 1952, Backman was employed by Waldow; during that period he and another employee ran the business; Backman did estimating and all kinds of plumbing work, repairs,

new work, and supervising the work; during the time he worked for Bivens—July, 1952, to December, 1953—he was recognized by his employer as a senior apprentice; soon after he went to work he worked as a journeyman and in the opinion of his employer his work was such as to qualify him as a journeyman, and he gave him a truck and let him go ahead and work in the capacity of a journeyman; Bivens paid him journeyman's wages; he remained on a journeyman's scale as long as he was employed by Bivens and he did everything a journeyman plumber would do and most of the time by himself; he did new construction jobs, repair work, fill in, estimated, sold jobs, and supervised the work of other plumbers; from January 1, 1954, to the time of the hearing Backman had full responsibility and complete managership of Waldow, did all estimating, and had full direction of men and jobs.

The court concluded that Backman did not make any misrepresentation of fact in his application. The board appeals from the judgment ordering issuance of the writ.

Appellant contends that by the use of the word "plumber" in his experience record on the application Backman represented he was a journeyman; and that the failure to state he was not constituted a misrepresentation as a matter of law.

It is well settled that in a proceeding of this kind the hearing in the superior court is a trial de novo. (*Wisler* v. *California State Board of Accountancy,* 136 Cal.App.2d 79, 84 [288 P.2d 322].) "That the trial court in this case was 'authorized by law to exercise its independent judgment on the evidence' is well established. [Citations.] As stated in the last cited case [*Hohreiter* v. *Garrison,* 81 Cal.App.2d 384 (184 P.2d 323)], at page 402, 'Thus, the ultimate power of decision rests with the trial court. . . . The rule quoted[5] is as applicable in reviewing the findings of a judge as it is when considering a jury's verdict. . . . Appellate courts, therefore, if there be any reasonable doubt as to the sufficiency of the

---

[5]The rule quoted is: "[O]n appeal from the judgment of the trial court, 'The rule as to our province is: "In reviewing the evidence . . . all conflicts must be resolved in favor of the respondent, and all legitimate and reasonable inferences indulged in to uphold the verdict if possible. It is an elementary . . . principle of law, that when a verdict is attacked as being unsupported, the power of the appellate court begins and ends with a determination as to whether there is any *substantial* evidence, contradicted or uncontradicted, which will support the conclusion reached by the jury. When two or more inferences can be reasonably deduced from the facts, the reviewing court is without power to substitute its deductions for those of the trial court." ' ' "

evidence to sustain a finding, should resolve that doubt in favor of the finding.' '' (*Moran* v. *Board of Medical Examiners,* 32 Cal.2d 301, 308 [196 P.2d 20] ; *Cooper* v. *State Board of Medical Examiners,* 35 Cal.2d 242, 246 [217 P.2d 630, 18 A.L.R.2d 593] ; *Nardoni* v. *McConnell,* 48 Cal.2d 500 [310 P.2d 644] ; *Cooper* v. *State Board of Public Health,* 102 Cal.App.2d 926, 932 [229 P.2d 27] ; *Manning* v. *Watson,* 108 Cal.App.2d 705, 712 [239 P.2d 688].)

Appellant argues the case as though this court has the power to reweigh evidence. That is not the law. ■ Where, as here, the superior court reweighs the evidence and makes findings, the only function of the reviewing court is to determine whether those findings are supported by substantial evidence. (*Hutchinson* v. *Contractors' State License Board,* 143 Cal.App.2d 628, 631 [300 P.2d 216].)

■ The question here is whether the evidence, viewed in the light most favorable to respondents, sustains the finding of the trial court to the effect that the charges against Backman were not supported by the weight of the evidence. (*Manning* v. *Watson,* 108 Cal.App.2d 705, 712 [239 P.2d 688].)

The findings of the trial court are supported by substantial evidence. Backman testified that by the use of the word ''plumber'' in the application he intended to say that he worked as a plumber, did plumbing all by himself, that he was doing regular plumbing work, and that was the sole thing he meant. Frace, the only plumber at Waldow's when Backman first went to work there in 1948, testified that he, Applegate, and Backman took turns doing the work as it came up, with Mr. Waldow acting as dispatcher; in certain instances when more than one man went on a job the one who originally started it would supervise the work of that job and in his opinion would be considered the supervisor. From September 1, 1948, to September, 1949, Backman worked for Waldow as an apprentice, and from September, 1949, to July, 1952, he worked for Waldow as a journeyman. Mrs. Waldow, who went to work in her husband's shop in 1951, testified that Backman shared equal responsibility for running the shop with another plumber, Frace, which included directing and supervising jobs as well as doing plumbing work by himself. In this connection she stated ''they were much more efficient than a lot of people that we had there'' and that Mr. Waldow hired or fired plumbers on the recommendation of Backman. Bivens, Backman's employer from July, 1952, to December, 1953, testified: ''[A]ctually, the man was put out to work

as a journeyman soon after he came to work for me. His work was such as to qualify him, in my mind, for my particular type of work, so I let the man. I didn't hold him back at all. I gave him a truck and let him go ahead and work in the capacity of a journeyman. . . . [H]is work was such that I couldn't afford to hold the man back. . . .'' After the first month he paid Backman journeyman's wages.

Backman testified his experience in the plumbing field began in September, 1948, when he went to work for Waldow Plumbing Company as an apprentice. At that time he worked with a journeyman, delivering materials, working with the tools of the trade, and acting as an ''all-round plumbing flunkie and apprentice.'' In July, 1949, he was sent out on jobs and worked by himself. During this time Mr. Waldow's health was such that he permitted Backman, Applegate, and Frace to run the shop. The three men took turns doing the work as it came up, and whoever started a job originally would supervise the work of that job. Backman would indicate on the particular jobs he sold how they were figured and would direct the work to be done. Different techniques were employed in figuring the various jobs, and a determination had to be made in each case as to the best technique in order to save the company money and meet the requirements of the Long Beach code. He further testified that during the period from September, 1949, to July, 1952, he estimated, supervised, and worked on about 1,000 jobs.

Also in evidence were three certificates ''In support Of Examinee's Experience Qualifications'' subscribed and sworn to, and a letter, which were filed with the board in support of Backman's application as follows: 1. A certificate by the chief plumbing inspector for the city of Long Beach which stated he had personally known Backman for seven years and that Backman had worked for Bivens and Waldow as a ''plumber.''[6] 2. A certificate by the president of Associated Plumbing Contractors of Long Beach which stated he had personally known Backman 3½ years and that Backman had worked for Bivens and Waldow as a ''Plumber.'' 3. A certificate by H. A. Waldow of Waldow Plumbing Company which stated he had personally known Backman for seven years and that Backman had worked for him as a ''plumber.'' 4. A letter from the executive manager of Associated Plumbing Contractors of Long Beach which stated that Backman had

[6]See page 90 for certificate.

been always at the top of his class and a leader in the business.[7]

The registrar had the power under section 725 to permit Backman to take the examination even though he did not "possess the specific experience required in Section 724." Section 725 provides: "When an applicant fails to possess the *specific* experience required in Section 724, but has some *equivalent* of *knowledge* and/or *training* and/or *experience,* the registrar is empowered to pass upon the sufficiency of such combination, and if in his judgment it makes for an equivalent of the required experience, he is authorized to certify to such fact." (Emphasis ours.) The omission of any classification such as journeyman or apprentice was apparent on the face of the application. If the registrar had deemed

[6]The certificate of the chief plumbing inspector for the city of Long Beach stated:

| "Employed by or Worked for (If self-employed — so state) | Worked as: Describe in Detail Work Done | From— Month and Year | To— Month and Year |
|---|---|---|---|
| NAME Waldow Plmbg. Co.<br>self-empl.-partnership<br>ADDRESS 416 W. Broadway<br>Long Beach, Calif. | Full responsibility and complete managership of company. All estimating and full direction of men and jobs. | 1/1/54 | present |
| NAME Don W. Bivens Plmbg.<br>ADDRESS 3393 Orange Ave.<br>Long Beach, Calif. | plumber repair plmbg. and part-time estimator. | July, 1952 | Dec., 1953 |
| NAME Waldow Plmbg. Co.<br>ADDRESS 416 W. Broadway<br>Long Beach, Calif. | plumber. Due to failing health of Mr. Waldow, examinee (with help of another employee) had full responsibility of shop—estimating and directing jobs and men." | | |

[7]The letter of the executive manager of Associated Plumbing Contractors of Long Beach in part read: "I am now requesting your assistance in helping another of our members to obtain his C-36 license before any such emergiency occurs such as the case of Mr. Ritz. This new member, Mr. Henry B. Backman, has been the operator of Waldow Plumbing Co. since September 1949. He has taken membership in the Association in 1954 and has established a most enviable record of operating a most ethical shop. I have been able to examine his records and find that he has been always at the top of his class and a leader in the business. Mr. Backman graduated from High School in Nebraska and served four years in the United States Navy as a Second Class Petty Officer as a specialist in aircraft hydraulics. He was honorably discharged from the service and now operates his own business as a partner Mr. Waldow who holds the C-36. Due to the very poor health of Mr. Waldow we have encouraged Mr. Backman to try to obtain his own C-36 in order that no unpleasant circumstance might become evident in the passing of his partner."

the application insufficient in any respect he could have returned it to Backman. Section 706 of the rules and regulations of the board which prescribes the form of application states: "Nothing contained herein shall be construed to limit the registrar's authority to seek from an applicant such other information pertinent to the character, experience and past and future methods of doing business as may be deemed necessary in order to pass upon the applicant's qualifications." Under the heading "Power of Registrar to Deny Insufficient Applications" section 710 provides: "The registrar is hereby expressly authorized to refuse the issuance of a license to any applicant who *wilfully* fails or refuses to give the information so requested or to furnish the required signed references." (Emphasis ours.) And section 711 provides "Incomplete or insufficient applications shall be returned to the applicant with the tendered fee, and the reason for such rejection made known to the applicant." There was nothing in the application or in the instructions with respect to it which required the applicant to state whether he had been employed as journeyman, foreman, supervising employee, or contractor. Counsel for the board so conceded below. We do not agree with counsel for the board that no apprentice would file an application because of the statement appearing thereon that he must have four years' experience "as a journeyman." If such were the fact, section 725 of the rules and regulations would be meaningless. Section 725 provides a well-defined exception to the requirements of section 724. The two provisions must be read together and as so read we do not think any apprentice who does not possess the specific experience required in section 724, but has some equivalent in knowledge, training, and experience, is excluded from applying for examination and license.

The board's theory, in effect, is that the term "plumber" in the plumbing industry means "journeyman" and Backman's use of the word misled the board into believing he held the classification of journeyman. Backman did not state in his application, as appellant asserts, that he was a journeyman plumber. He stated he "Worked as" a "plumber." Backman had been doing exactly that. There was evidence that the word "plumber" may mean either a journeyman plumber or an apprentice plumber. The statement in the application that Backman worked as a "plumber" was literally true. The trial court could reasonably conclude that Backman's answer in his application stating that he "Worked as" a "plumber"

followed by a detailed description of his experience was not proved untrue. The circumstances here are such as to reasonably justify an inference that no misrepresentation of fact was made, as the trial court found. A reasonable inference from the evidence is that the licenses were not issued in reliance on any misrepresentation. The court could reasonably conclude from the evidence that Backman had had four years experience as a plumber or as a supervising employee at the time he filed the application and that he had not made any misrepresentation; that his statement that he "Worked as" a "plumber" and the statement of his experience were not misrepresentations. In determining whether there is ground for disciplinary action, the matter of good faith is important. (*Sautter* v. *Contractors' State License Board*, 124 Cal.App.2d 149, 156 [268 P.2d 139]. See *Collins* v. *Caminetti*, 24 Cal.2d 766, 771 [151 P.2d 105, 154 A.L.R. 1141].) It would be strange indeed if Backman could be found to have intentionally misrepresented by stating that he had worked as a "plumber" when the chief plumbing inspector of Long Beach, the president of Associated Plumbing Contractors of Long Beach, and Mr. Waldow had used exactly the same terminology in describing his experience. The evidence and the inferences to be drawn therefrom fully support the trial court's finding that no misrepresentation of fact was made.

Appellant also contends that Backman lacked the experience required by section 724; consequently he was not qualified to possess either the individual or the partnership license; and the licenses being void, the trial court could not order them restored. There was no charge in the accusation and the hearing officer made no finding that either Backman or the partnership did not possess the qualifications of a plumbing contractor. The sole charge and finding was that Backman misrepresented material facts in his application. The issue in the superior court as stated by counsel for appellant board was whether Backman "was guilty of a material misrepresentation in violation of Section 7112 of the Business and Professions Code," and "The only question is whether or not Backman realized, was this an innocent mistake." In any event there was ample evidence that Backman, within the last 10 years immediately preceding the filing of the application, had had not less than four years experience which would qualify him for a contractor's license. The certificates of the chief plumbing inspector of Long Beach, the president of Associated Plumbing Contractors of Long Beach, and Mr.

Waldow so showed. There is substantial evidence indicating Backman's experience was such that the registrar could have qualified him as a plumbing contractor under either section 724 or 725.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.