[Civ. No. 7655. Third Dist. Sept. 6, 1949.]

RENO RAWLTON PAYNE, Appellant, v. REAL ESTATE COMMISSIONER OF THE STATE OF CALIFOR-NIA et al., Respondents.

Busick & Busick and Charles O. Busick, Sr., for Appellant.

Fred N. Howser, Attorney General, and Leonard M. Friedman, Deputy Attorney General, for Respondents.

SCHOTTKY, J. pro tem.—Petitioner, Payne, filed a petition for a writ of mandate against the Real Estate Commissioner of the State of California to compel him to restore petitioner's real estate license and his business opportunity license which had been revoked by the commissioner. A demurrer to the petition was sustained without leave to amend, and petitioner appeals from the judgment entered against him.

A real estate broker's license and a business opportunity broker's license were issued to petitioner several years prior to July 1, 1947, and on said date licenses for the fiscal year 1947-1948 were issued to petitioner. On June 21, 1948, respondent instituted an administrative proceeding against petitioner appellant for the revocation of the two licenses. The accusation charged violation of subparagraphs (b) and (f) of section 10177, Business and Professions Code, and subparagraphs (b) and (e) of section 10302 of the same code. The proceeding was based upon appellant's conviction of a felony, bigamy, December 12, 1947, in the county of Sacramento. Appellant had been placed on probation, serving five

months in the county jail of Sacramento County as a condition of the probation.

Before a hearing was had on the accusation, the Real Estate Commissioner issued real estate and business opportunity licenses to appellant for the fiscal year 1948-1949 on July 1, 1948. The hearing took place July 9, 1948, and on August 11, 1948, a decision was rendered revoking appellant's licenses effective September 1, 1948.

Section 10177 provides: "Additional grounds for suspension or revocation of license. The commissioner may suspend or revoke the license of any real estate licensee, who within three years immediately preceding has done any of the following: . . .

(b) Been convicted of a felony, knowledge of which the commissioner did not have at the time of last issuing a real estate license to him. . . .

(f) Acted or conducted himself in a manner which would have warranted the denial of his application for a real estate license, or for a renewal thereof."

Section 10302 contains similar provisions pertaining to business opportunity licenses.

Appellant contends that revocation of the licenses could not be based upon subparagraph (b) of section 10177 because after the filing of the accusation and while it was pending, the licenses for the fiscal year 1948-1949 were issued to appellant by respondent, and under these circumstances, respondent had knowledge of the conviction of a felony when the 1948-1949 licenses were issued. Appellant then argues that the hearing of July 9, 1948, was directed to the 1947-1948 licenses which expired June 30, 1948, and therefore, the hearing was on a moot question.

Respondent argues the hearing was not directed to the license of any particular year, and that a broker is under a continual licensed status subject to the payment of a yearly renewal fee on the same license. Respondent contends only one license is involved, and each license is not distinct from the license of the previous year. This interpretation would place the respondent's action within the letter of section 10177 since the felony had not been committed when the "last" or original licenses were issued. Respondent points out that sections 10203 and 10204 contain separate definitions of "original real estate broker's license" and "renewal real estate broker's license."

The learned trial judge filed an opinion which, we believe, correctly analyzes and determines the issues involved in this appeal, and because such opinions are always helpful to an appellate court, we quote from it as follows:

"It seems apparent to the court that the position thus taken by petitioner is to stress the letter of the law rather than its spirit and purpose. It is not the purpose of the court to attempt to go into the question of whether or not the commissioner has the discretion to segregate felonies into those which he might determine warranted a revocation or a refusal to renew a license and those which do not. We may assume, for the purpose of the demurrer, that he may have such a discretion; but in the instant case when the renewal was issued there was a proceeding pending to cancel his license. Whether this proceeding was initiated by the Real Estate Commissioner, or his deputy, or some other person, does not appear. It is sufficient, either way, to indicate that the proceeding was pending at the time when a renewal of the license was in order.

"The renewal of such a license as the one held by petitioner is a matter of right, unless for cause he is not entitled thereto. 'The proper construction of the several code sections is that the renewal of a real estate broker's license is a matter of right on the part of one who holds an unsuspended and unrevoked license which is in force at the time of the application for renewal.' (*Hall* v. *Scudder,* 74 Cal.App.2d 433, at p. 438 [168 P.2d 990].)

"Under the provisions of the various sections of the Business and Professions Code, a distinction is drawn between an original license and a renewal. (See section 10203, referring to original real estate broker's license, and section 10204, referring to a renewal license.) As a matter of fact there is only one license, and the renewal is merely what it purports to be, a renewal of the original. If a person fails to apply for a renewal of his license prior to the expiration of the date thereof, he must make another original application, except that within one year of such expiration a renewal license may be issued upon payment of a fee double the amount otherwise required for renewal. (§ 10201.)

"Petitioner's position would lead to an anomalous situation: The accusation proceedings had been noticed at the hearing of which it is proposed to show that petitioner was convicted of a felony, but in the meantime and before

the hearing can be had, the time for a renewal of the license has arrived, and, hence, the charge not having been heard, the petitioner is entitled as a matter of right to the issuance of a renewal of his license. Even if the commissioner had refused to issue the license, he would have been entitled to an order of the court to that effect. The license itself is merely evidence of the right thereto. Thus, the commissioner had no alternative but to issue the renewal. He could not order a revocation thereof without a hearing, and he could not refuse to issue a renewal until it had been determined that the licensee had violated some provision of the statute justifying such revocation. Furthermore, let us assume that the commissioner had concluded to attempt to revoke the license before the hearing, or after the hearing for that matter, and, after he had decided that the license should be revoked, or a renewal thereof should not be permitted, the licensee would be deprived of his right to conduct his usual business for an undetermined length of time and until the matter had been finally disposed of, and, it might eventually appear and be determined that the revocation of the licensee, or the refusal to renew the same was erroneous. Thus, a great injustice would have been perpetrated upon the licensee.

 ''In *Hall* v. *Scudder, supra,* the court states: 'The question as to petitioner's rights was not and is not moot. Under a proper interpretation of the law, petitioner had a right to a renewal of his license which expired in 1943 and for each succeeding year. He is now without a license, although he is entitled to one. The right which he asserts here is one that did not expire at the end of the year for which his license was first denied. The holder of an unsuspended and unrevoked license occupies a status which entitled him to annual renewals, and for that reason it is important to petitioner that that status be maintained. The order of the commissioner and also the judgment of the trial court denied him that status. We think it should be restored to him. The question is also one of interest to the public and to the commissioner. A final decision upon review would be difficult to obtain within a year following the denial of a license renewal.'

''When the original license has been granted it continues to operate and the licensee continues to have all the rights and privileges thereby bestowed, not only during the year following, but upon each renewal thereof. It is the renewal of an existing right, and the right to such renewal dates back to the original application. When a renewal is secured the

matters required and determined prior to the granting of the original application are not again inquired into.

"The limitation specified in sections 10176 and 10177 is three years immediately preceding the acts complained of.

"From the foregoing it is concluded that there is but one license, which may be renewed from year to year, provided the proper steps are taken as pointed out in the sections of the Business and Professions Code."

In view of the foregoing we are convinced that the revocation of appellant's licenses under subparagraph (b) of sections 10177 and 10302 was legally proper and it is, therefore, unnecessary to determine whether subparagraphs (f) and (e) afford additional grounds for revocation. ▮ We are, however, unable to agree with appellant's contention that said subparagraphs (f) and (e) are void for uncertainty and unconstitutional. These provisions permit revocation or suspension of a license on any ground which would justify denial of an application. In passing upon license applications, the commissioner may require proof of honesty, truthfulness and good reputation, and in *Riley* v. *Chambers*, 181 Cal. 589, 595 [185 P. 855, 8 A.L.R. 418], it was contended that these provisions invested the Real Estate Commissioner with arbitrary and undefined powers and hence were unconstitutional. The court upheld the statute upon the ground that the discretion of the commissioner to refuse a license was not arbitrary, and that his action must be predicated on facts which justify the conclusion that the applicant lacked good character and reputation. (See, also, *McDonough* v. *Goodcell*, 13 Cal.2d 741 [91 P.2d 1035, 123 A.L.R. 1205].) Since the statutory standards of truth, honesty and good reputation have been held to be constitutional in license application cases it follows that they are constitutional insofar as the lack of these qualities constitutes a cause for disciplinary action under sections 10177(f) and 10302(e).

Our conclusion is that the trial court did not err in sustaining respondent's demurrer without leave to amend, and that the judgment should be and it is hereby affirmed.

Adams, P. J., and Thompson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 3, 1949. Carter, J., and Schauer, J., voted for a hearing. Gibson, C. J., did not participate.