[Civ. No. 18990. Second Dist., Div. One. Dec. 2, 1952.]

TRUMAN ELVY DENNY et al., Appellants, v. D. D. WATSON, as Real Estate Commissioner, et al., Respondents.

Morris Lavine for Appellants.

Edmund G. Brown, Attorney General, and Lee B. Stanton, Deputy Attorney General, for Respondents.

DRAPEAU, J.—Plaintiffs petitioned the superior court for a writ of mandate, directing the Real Estate Commissioner of this state to restore to them their license as real estate brokers. On the commissioner's hearing counsel for the commissioner introduced in evidence findings of fact and judgment in a civil action for fraud against petitioners in the superior court, and rested.

The facts so found were that petitioners were doing business together as real estate brokers; that they secured a deed from one of their clients to a motel, on their representations that they would not record the deed until they had sold the property; that they would keep up payments on trust deeds,

liens against the property, would manage it, and when they sold it would pay their clients $5,500 clear of the debts.

Instead of doing as they had agreed to do, petitioners recorded the deed, failed to keep up the trust deed payments, permitted the property to be sold under power of sale in one of the trust deeds, and through a confederate purchased the property for themselves at the sale which followed.

Upon these facts the superior court rendered judgment against petitioners. This judgment they paid and satisfied in full.

Proceedings were commenced by the Real Estate Commissioner to revoke petitioners' licenses. After due notice, petitioners appeared at the commissioner's hearing, without counsel. They were sworn, made their statements and were cross-examined, and participated in the hearing.

The commissioner found that petitioners had violated sections 10177.5, 10176(i), and 10177(f) of our Business and Professions Code, and revoked their licenses.

The superior court refused to grant the writ of mandate, and petitioners appeal from that judgment.

Section 10177.5, Business and Professions Code, provides:

"Whenever a final judgment is obtained in a civil action against any real estate licensee upon grounds of fraud, misrepresentation or deceit with reference to any transaction for which a license is required under this division, the commissioner may, after hearing in accordance with the provisions of this part relating to hearings, suspend or revoke the license of such real estate licensee at any time within three years subsequent to said judgment."

Petitioners challenge the constitutionality of that code section, and of sections 10176(i) and 10177(f) of the same code, and assert that each and all of them violate due process of law guaranteed by our state and federal Constitutions. Petitioners also challenge section 10177.5 upon the constitutional ground that it denies them equal protection of the laws, in that it singles out real estate brokers and does not extend to other professions and occupations.

■ Undoubtedly the Real Estate Commissioner was empowered to determine whether petitioners were guilty of acts involving dishonest dealings. (*Brecheen* v. *Riley*, 187 Cal. 121 [200 P. 1042]; *Sipper* v. *Urban*, 22 Cal.2d 138 [137 P.2d 425]; *de St. Germain* v. *Watson*, 95 Cal.App.2d 862 [214 P.2d 99].)

No cases directly involving the constitutionality of section

10177.5 have come to the attention of this court, it having been enacted in 1945.

Our California Real Estate Act was first held to be constitutional in *Riley* v. *Chambers,* 181 Cal. 589 [185 P. 855, 8 A.L.R. 418].

Other sections of the act have been approved. (§ 10177(b), in *Payne* v. *Real Estate Commr.,* 93 Cal.App.2d 532 [209 P.2d 419].)

In cases where business or professional licensees are convicted of felonies involving moral turpitude, the judgment of conviction compels revocation of licenses. (*Meyer* v. *Board of Medical Examiners,* 34 Cal.2d 62 [206 P.2d 1085] ; *Murrill* v. *State Board of Accountancy,* 97 Cal.App.2d 709 [218 P.2d 569].)

It is pertinent here to say, however, that in this case we are dealing with the effect of a judgment in a civil, not a criminal case. Upon fundamental and familiar principles the weight of the evidence which will warrant a conviction in a criminal case is materially different from that which will support a judgment in a civil case. And in civil cases nine members of a jury determine controverted facts, as against all twelve in criminal cases.

But the statute under consideration does not, *ipso facto,* require suspension or revocation of a real estate broker's license. It makes a judgment for fraud in a civil case prima facie evidence, upon which the Real Estate Commissioner may suspend or revoke the license.

A hearing is required. Licensees under attack may appear and defend themselves. And the commissioner in his discretion may continue, or suspend, or revoke licenses.

As the attorney general argues, the section commends itself from a practical, commonsense viewpoint. It saves duplication of proof,—first, the hearing in court, and then, the commissioner's hearing.

In this case petitioners had their day in court. They were represented by counsel. The issue of their fraud was heard and determined in that tribunal. This court perceives no good reason why it would be a denial of due process of law to have the evidence in fraud actions against real estate brokers in the superior court taken all over again in commissioner's hearings to revoke or suspend their licenses.

And in this case petitioners again had their day on the commissioner's hearing. They told their stories. They could have been represented by counsel, but waived that right. Indeed,

there is force in the attorney general's argument that the record of the commissioner's hearing contains sufficient admissions and testimony of petitioners themselves to support the commissioner's order.

In passing upon the constitutionality of any law, this court is bound by rigid rules.

■ It is the duty of this court to give force and effect to the questioned statute unless it appears clearly unconstitutional. (*Richfield Oil Co.* v. *County of Los Angeles*, 100 Cal. App.2d 535 [244 P.2d 398].)

■ All presumptions and intendments are in favor of the constitutionality of a statute, and all doubts are resolved in favor of its validity, not against it. (*Clark* v. *City of Pasadena*, 102 Cal.App.2d 198 [227 P.2d 306].)

■ The existence of facts supporting the legislative judgment is to be presumed, and the burden of overcoming the presumption of constitutionality is cast upon the assailant. (*Dribin* v. *Superior Court*, 37 Cal.2d 345 [231 P.2d 809].)

■ Applying these rules to the code sections questioned here, they must be held to be constitutional.

The judgment is affirmed.

White, P. J., concurred.

Doran, J., dissented.

Appellants' petition for a hearing by the Supreme Court was denied January 22, 1953. Carter, J., and Schauer, J., were of the opinion that the petition should be granted.