[Civ. No. 25057. Second Dist., Div. Two. Dec. 20, 1960.]

CONTRACTORS' STATE LICENSE BOARD, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; ANTHONY POOLS, INC. (a Corporation), Real Party in Interest.

Stanley Mosk, Attorney General, Warren H. Deering, Arthur L. Martin and Conrad Lee Klein, Deputy Attorneys General, for Petitioner.

Harold W. Kennedy, County Counsel, William E. Lamoreaux, Assistant County Counsel, and Donald K. Byrne, Deputy County Counsel, for Respondent.

Julius A. Leetham for Real Party in Interest.

NOURSE, J. pro tem.*—Petitioner seeks by this proceeding to compel the respondent court to vacate an order made by it restraining petitioner from taking further action in a disciplinary proceeding against real party in interest, Anthony Pools, Inc., hereinafter called "Anthony," instituted pursuant to article 7, division 3, chapter 9, of the Business and Professions Code.

The relevant facts are: One Bausé instituted an action against Anthony in the respondent court to recover damages for breach, by Anthony, of a contract whereby he had undertaken to erect and construct a swimming pool for Bausé. Anthony answered this complaint and filed a cross-complaint against Bausé. Anthony's pleadings were filed June 29, 1960. On July 26, 1960, Bausé filed with petitioner an accusation whereby he demanded disciplinary action against Anthony based upon the same breaches of contract as were alleged in his complaint filed in the respondent court, and on the same date an investigator for petitioner filed a complaint with petitioner charging Anthony with having wilfully departed from the plans and specifications for the erection of the swimming pool, alleging in substance the same facts as were alleged in Bausé's complaint filed in respondent court. Upon being served with this complaint, Anthony, by leave of the court, filed a supplemental cross-complaint in which he joined petitioner as a cross-defendant. In his cross-complaint he alleged in substance the filing of the accusation and complaint against him; that the petitioner had threatened to and would prosecute said complaint, and that said proceeding involved the determination of the same question of fact as was involved in the pending action, to wit: the alleged breach of contract by Anthony, and that the trial of said disciplinary proceedings would foreclose and pervert the process of the court in the pending action.

By the prayer of this supplemental cross-complaint he asked that the court "issue a preliminary injunction pending the trial of the cause on the merits, and at the conclusion of the same make its permanent injunction" enjoining the petitioner from proceeding with the hearing upon the charge or accusa-

*Assigned by Chairman of Judicial Council.

tion filed against Anthony. To this supplemental cross-complaint petitioner filed a general demurrer.

On the day of the hearing of this demurrer, Anthony filed with the court what he entitled ''Response to Demurrer to Supplemental Cross-complaint . . . and Request for Stay . . .'' After argument the court submitted the matter and thereafter entered its order overruling the demurrer and an order reading as follows: ''All proceedings before the Contractors' State License Board upon the accusation filed against defendant herein on or about July 26, 1960, in so far as the same depend upon any alleged breach of defendant's contracts or guarantees with Lawrence J. Bausé are stayed pending final judgment in this action before this Court.'' Petitioner thereupon filed its petition herein and we issued an alternative writ of mandate.

We have concluded, for the reasons hereinafter stated, that a peremptory writ of mandate should issue.

Petitioner is an administrative agency of the state, charged by law with the duty of investigating the actions of any contractor within the state and of taking disciplinary action against any such contractor should its investigation disclose reason to believe that the contractor has committed any acts which, under the provisions of the statute, are made grounds for disciplinary action. (Bus. & Prof. Code, §§ 7000, 7011, 7090.)[1] In entertaining the accusation and in instituting the disciplinary proceedings against Anthony the registrar of the board (Bus. & Prof. Code, § 7011) was, as an officer of the law, executing a public statute for the public benefit. The respondent court was therefore without power to enjoin the board from exercising the powers given it and performing the duties placed upon it by the statute. (Civ. Code, § 3423, subd. 4; Code Civ. Proc., § 526, par. 2, subd. 4; *Financial Indem. Co.* v. *Superior Court,* 45 Cal.2d 395 at 402 [289 P.2d 233]; *Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280 at 291 [109 P.2d 942, 132 A.L.R. 715].) No question is raised here as to the constitutionality of the provisions of the Business and Professions Code which empower the board to investigate and to take disciplinary action and by its orders impose penalties, nor upon the regularity of the proceedings before the board, therefore, *Brock* v. *Superior Court,* 11 Cal.2d 682 [81 P.2d 931] and *Agricultural Prorate Com.* v. *Superior Court,*

---

[1]Departure from plans and specifications and breach of contract are grounds for disciplinary actions. (Bus. & Prof. Code, §§ 7109 and 7113.)

5 Cal.2d 550 [55 P.2d 495], are not in point, for in each of those cases either the validity of the statute or of the proceedings before the administrative body were attacked.

Respondent argues that the injunction issued by the respondent court was justified under subparagraph 2 (an act by a party during litigation producing great or irreparable injury to another party) or subparagraph 6 (multiplicity of actions) of section 526 of the Code of Civil Procedure. We see no merit in this claim. The proceeding before the board is not an action but an administrative proceeding. As the board has no judicial power (*Laisne* v. *California State Board of Optometry,* 19 Cal.2d 831 [123 P.2d 457]), any determination it may make as to the breach by Anthony of his contract would not be res adjudicata in the proceedings in the respondent court (*Empire Star Mines Co.* v. *California Emp. Com.,* 28 Cal.2d 33 [168 P.2d 686] ; *Aylward* v. *State Board etc. Examiners,* 31 Cal.2d 833 [192 P.2d 929]), and any finding or order that it may make cannot therefore interfere in anywise with the determination of the respondent court of the action before it or irreparably injure Anthony.

Also distinguishable from the present proceeding is *Scott* v. *Industrial Acc. Com.,* 46 Cal.2d 76 [293 P.2d 18]. In that case either the superior court or the Industrial Accident Commission had jurisdiction depending upon whether the injury sustained by the claimant was incurred in the scope and course of his employment. Both the court and the commission had jurisdiction to decide the question of fact upon which depended the question as to which of the tribunals had jurisdiction, and the decision of either would be res adjudicata in the proceedings before the other. The Supreme Court therefore held that the tribunal whose jurisdiction was first invoked had exclusive jurisdiction to decide the question of jurisdiction. In the present case the question which is common to the action pending in the superior court and to the disciplinary proceedings pending before the petitioning board, does not go to jurisdiction and both the board and the court have jurisdiction to determine this question for the purpose of the proceedings before it.

 As we have pointed out, the board does not exercise judicial power and any order it may make is subject to review in the superior court and upon that review Anthony would have the right to place before the court not only the evidence received before the registrar of the board but, subject to the

limitations of paragraph (d) of section 1094.5 of the Code of Civil Procedure, any additional relevant evidence and that court would be required to exercise its independent judgment upon the question as to whether Anthony had breached its contract and was subject to discipline. (*Laisne* v. *California State Board of Optometry, supra,* 19 Cal.2d 831; Gov. Code, § 11523; Code Civ. Proc., § 1094.5.) ▮ The provisions of Government Code, section 11523, and Code of Civil Procedure, section 1094.5, are part of the administrative law of this state and the respondent court here had no power to circumvent the procedure there provided through, by its injunctive order, in effect imposing and sustaining a plea in abatement in the administrative proceedings. ▮▮ It was incumbent upon Anthony to exhaust his remedy before the board. In so doing he may ask a stay of proceedings until the question of breach of contract is determined in the superior court action and it is not to be assumed that the board will arbitrarily deny such a stay in view of the fact that any determination it might make of a breach of contract by Anthony would be subject to review in the superior court and in further view of the fact that if, in the trial of the action pending in the superior court, findings should be made that Anthony breached his contract with Bausé, the judgment rendered upon said finding would be res adjudicata against Anthony in the disciplinary proceeding. (*Bernhard* v. *Bank of America,* 19 Cal.2d 807 [122 P.2d 892].)

Let a peremptory writ of mandate issue requiring respondent court to vacate the order made and entered by it staying proceedings before petitioner.

Fox, P. J., and Ashburn, J., concurred.

On January 13, 1961, a petition for a rehearing was denied and the following opinion was then rendered:

THE COURT.—In his petition for rehearing the attorney general asserts that there is nothing in the record to support the statement made in our original opinion that Bausé filed with the petitioner an accusation against Anthony. In this he is in error. The supplemental cross-complaint filed by Anthony, which was the basis for the order in question here, so alleges, and as the allegations of that cross-complaint were admitted by petitioner's demurrer, the facts alleged must, for present purposes, be deemed true,