[Civ. No. 23792.   First Dist., Div. Four.   Apr. 9, 1968.]

ROSE KAHN, Plaintiff and Appellant, v. MARIO PELIS-SETTI, Defendant and Respondent.

Paul A. Eisler for Plaintiff and Appellant.

R. L. Ariani for Defendant and Respondent.

CHRISTIAN, J.—Plaintiff appeals from a summary judgment dismissing her personal injury action against respondent, the uninsured driver of an automobile which was involved in an accident with a city bus in which appellant was a passenger. The court entered summary judgment of dismissal upon the following showing made by respondent: (1) Appellant's own automobile liability insurance policy included a provision, made available to her under Insurance Code, section 11580.2, for her to recover from her own insurer any damages for bodily injury for which an uninsured motorist is found to be liable. (2) Appellant's insurer disputed the claimed liability of respondent; accordingly, under Insurance Code, section 11580.2, subdivision (e), the claim was submitted to arbitration. (3) The arbitrator denied appellant's claim. The insurer has thus far not sought judicial confirmation of the arbitration award under Code of Civil Procedure, section 1285. Nevertheless, because the time within which appellant could have petitioned a court to vacate or correct the award has expired (Code Civ. Proc., § 1288), the court upheld respondent's contention that all issues determinative of respondent's liability are res judicata under the arbitration award. ■ We disagree, holding that an uninsured motorist cannot benefit from an unconfirmed award in favor of the injured persons's insurance carrier.[1]

■ The doctrine of res judicata precludes parties or their privies from relitigating a cause of action that has been finally determined, without fraud or collusion, by a court of competent jurisdiction. Any issue necessarily decided in such litigation is conclusively determined as to the parties or their privies when it arises again in a subsequent lawsuit even if a different cause of action is involved. (*Bernhard* v. *Bank of America* (1942) 19 Cal.2d 807, 810 [122 P.2d 892]; *Teitelbaum Furs, Inc.* v. *Dominion Ins. Co., Ltd.* (1962) 58 Cal.2d 601, 604 [25 Cal.Rptr. 559, 375 P.2d 439].) This rule is designed to prevent a party who has had one fair trial on an issue from harassing his adversary by again drawing that issue into controversy. (*Bernhard* v. *Bank of America, supra,* at p. 811; *Fairchild* v. *Bank of America* (1958) 165 Cal.App.

[1]By subsequent legislative enactment (Ins. Code, § 11580.5; Stats. 1967, ch. 1654, § 1) the rule contended for by appellant has been made explicit for later cases, perhaps without regard to whether the award has received judicial confirmation.

834

2d 477, 482 [332 P.2d 101].) ▆▆ "In determining the validity of a plea of res judicata three questions are pertinent: Was the issue decided in the prior adjudication identical with the one presented in the action in question? Was there a final judgment on the merits? Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?" (*Bernhard* v. *Bank of America, supra,* 19 Cal.2d 807, 813; *Teitelbaum Furs, Inc.* v. *Dominion Ins. Co., Ltd., supra,* at.p. 604; *Richards* v. *Gordon* (1967) 254 Cal.App.2d 735, 738-739 [62 Cal.Rptr. 466].)

The Code of Civil Procedure contemplates that an arbitration award may be confirmed by a court and judgment pursuant thereto entered. Section 1285 provides: "Any party to an arbitration in which an award has been made may petition the court to confirm, correct or vacate the award. The petition shall name as respondents all parties to the arbitration and may name as respondents any other persons bound by the arbitration award."

Once an award is confirmed, section 1287.4 is applicable; it provides: "If an award is confirmed, judgment shall be entered in conformity therewith. The judgment so entered has the same force and effect as, and is subject to all provisions of law relating to, a judgment in a civil action; and it may be enforced like any other judgment of the court in which it is entered."

By virtue of their agreement to submit disputes to arbitration, appellant and her insurer consented to the enforcement of any arbitration award by the courts of this state. (Code Civ. Proc., § 1293.) Thus if the insurer had sought confirmation of the arbitrator's award, and time for appeal had lapsed, the judgment entered pursuant to the confirmation would have been a final judgment. (*Goldkette* v. *Daniel* (1945) 70 Cal.App.2d 96 [160 P.2d 145].) The question presented in the present appeal is whether an unconfirmed award should be treated as though it were a final judgment.

▆▆ The Code of Civil Procedure provides that an unconfirmed or unvacated award "has the same force and effect as a contract in writing between the parties to the arbitration" (Code Civ. Proc., § 1287.6) i.e., a contract between appellant and insurer. Respondent was not a party to that contract; the question remains whether he can take advantage of it as a third party beneficiary.

The contractual relationship between appellant and her insurance carrier began when she purchased, as one of the terms of her policy, the promise of the insurer to pay damages

to her for any injury for which an uninsured motorist might be found liable. She did so for her own protection, without any thought of benefiting either uninsured motorists as a class or respondent in particular. The statute under which coverage was extended also shows no intention to benefit the uninsured motorist at the expense of either the insurer or the insured; indeed, Insurance Code, section 11580.2, subdivision (f), subrogates the insurer to the rights of the insured against the uninsured motorist to the extent that benefits have been paid. In proceeding to arbitration, it is obvious that neither appellant nor the insurance company was moved by any intention to benefit respondent. The resulting arbitration award did not purport to affect respondent's interests in any way. Therefore, viewing the unconfirmed award as a contract as we must under the statute, respondent is at most an incidental beneficiary thereof and cannot enforce its implied covenant that he is not liable to appellant. (*Southern Cal. Gas Co.* v. *ABC Constr. Co.* (1962) 204 Cal.App.2d 747, 752 [22 Cal.Rptr. 540]; *Chamberlin* v. *City of Los Angeles* (1949) 92 Cal.App. 2d 330 [206 P.2d 661]; Rest., Contracts, § 133.)

Basic fairness to all the interested parties points towards the same result. Appellant desires to show that her injuries were caused by concurrent negligence on the part of respondent and the driver of the city bus. She cannot bring the city into the arbitration; thus, the insurer can, without opposition from the city, seek to put all the blame for the accident on the bus driver. Then, in a later trial of the action against the city, if the arbitration award is given res judicata effect the city can, without opposition from the other driver, seek to put all the blame on him. Appellant, as a contracting party, can hardly have intended to put herself in so dangerous a tactical position; we see no justifiable interest on the part of either the insurer or the uninsured respondent that would weigh in favor of such a result.

The judgment is reversed.

Devine, P. J., and Rattigan, J., concurred.