[No. C046809. Third Dist. June 14, 2005.]

BERNARD JEROME BERG, Plaintiff and Appellant, v.
JEFF DAVI, as Real Estate Commissioner, etc., Defendant and Respondent.

### COUNSEL

Robert Rudolph for Plaintiff and Appellant.

Bill Lockyer, Attorney General, Pamela Smith-Steward, Chief Assistant Attorney General, and Amy J. Winn, Deputy Attorney General, for Defendant and Respondent.

### OPINION

**MORRISON, J.**—Bernard Jerome Berg appeals from denial of his petition for a writ of mandate to reverse the Department of Real Estate's rejection of his application for a real estate salesperson's license. The rejection was based on Berg's disbarment as an attorney for excessive and fraudulent billing. At issue on appeal is whether the Department of Real Estate met the requirements of Business & Professions Code section 10177, subdivision (f), which provides for denial of a license under certain circumstances if a license issued by another agency has been revoked. Berg contends the requirements were not met because (1) the charging documents were defective; (2) substantial evidence did not support the findings; (3) the administrative law judge erred in excluding evidence of the unfairness of the 1991 fraud judgment against Berg and of his 1998 disbarment; (4) the procedure to disbar attorneys does not provide due process protections equivalent to those under the Administrative Procedure Act (APA); and (5) the Supreme Court did not make an express finding of the violation of law in its disbarment order. We find the requirements of Business & Professions Code section 10177, subdivision (f) were met and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Berg was admitted to the practice of law in 1959. In November 1985, he was associated as independent or *Cumis* counsel in 41 malpractice actions filed against dentists represented by the Dentists Insurance Company (TDIC). In September 1988, TDIC filed a civil action against Berg for fraud and deceit, based on Berg's practice of bulk billing, charging by the page for each document received.[1] A jury returned a verdict in favor of TDIC, awarding $282,024.86; the jury found by clear and convincing evidence that Berg acted with oppression, malice, and fraud. The judgment was affirmed on appeal, and both the California and United States Supreme Courts denied review.

In 1994, the State Bar of California (State Bar) filed a notice to show cause against Berg, alleging three counts of professional misconduct. The first count was based on Berg's overbilling of TDIC. The State Bar found Berg's repeated acts of bulk billing were dishonest acts involving moral turpitude in violation of Business & Professions Code section 6106, and that his conduct violated former rule 2-107 of the Rules of Professional Conduct.

The second and third counts were based on Berg's representation of Linda Reynolds in two personal injury cases. In the first case, they agreed Berg would receive a contingent fee of one-third if the case settled before trial-setting conference, and 40 percent if it settled thereafter. In the second case the contingent fee was 40 percent. The cases were consolidated and settled and Berg deposited the settlement funds in his client trust account. He notified Reynolds that he calculated his fee as 40 percent of the total settlement. Reynolds responded in writing that she disagreed with that calculation. Nonetheless, Berg withdrew his claimed fee. He testified he was not aware of Reynolds's letter at that time. Reynolds brought a small claims court action against Berg and Berg responded by filing a complaint in municipal court. The court found in favor of Reynolds.

The State Bar Court found Berg violated rule 4-100(A)(2) of the Rules of Professional Conduct by withdrawing disputed funds from his trust account. It found no clear and convincing evidence of other alleged violations based on his filing the action against Reynolds or his delay in releasing the settlement funds to her. It also found no intent to deceive in Berg's initial response to the State Bar's investigative inquiry.

---

[1] Berg had one of his employees count the number of pages of pleadings and documents be received and multiply that number by three minutes per page. TDIC's audit of its legal bills revealed Berg sometimes charged for more than 24 hours a day, up to 100 plus. Berg did not prepare any pleadings; he had no deposition summaries, memos or interview notes. There was no organization to his files, Berg averaged 318-monthly billable hours on TDIC work plus 49 hours for non-TDIC cases, not including contingency fee cases.

Finding Berg had a reprehensible lack of insight into the wrongfulness of his actions, the State Bar Court recommended disbarment.

The Review Department of the State Bar Court (Review Department) reviewed the case and issued a written decision. It agreed with the finding of the State Bar Court, except that it found Berg willfully violated rule 4-100(B)(4) of the Rules of Professional Conduct, in delaying disbursement of settlement funds to Reynolds for six weeks. The Review Department also recommended disbarment.

In 1998, the California Supreme Court summarily denied Berg's petition for review and ordered him disbarred from the practice of law.

In 2002, Berg applied for a real estate salesperson's license. The Department of Real Estate (DRE) filed a statement of issues, citing Berg's disbarment as grounds for denying the license under Business and Professions Code sections 480, subdivision (a) and 10177, subdivision (f).[2] After a hearing, the administrative law judge (ALJ) found that Berg was disbarred for acts that "constitute[] fraud or dishonest dealing" and would be grounds for revocation of a real estate license. The ALJ rejected Berg's argument that the disbarment proceeding was not comparable to the protections afforded by the APA. Although the State Bar disciplinary proceedings were conducted by different types of tribunals, they both afforded the due process protections of notice, a fair hearing, and an opportunity to be heard. The ALJ also rejected Berg's argument that both the civil fraud trial and the disbarment were unfair, finding it would not be appropriate to consider a collateral attack on either judgment.

Finally, the ALJ expressed concern that Berg, who was working as a law clerk, was still practicing law, particularly in light of his intransigent position that his disbarment was erroneous. Berg remained "defensive to the point of defiance" and exhibited no remorse and offered no evidence of rehabilitation. The ALJ concluded it would be contrary to the public interest to issue a license, even on a restricted basis, to Berg.

The DRE adopted the ALJ's decision.

Berg petitioned for a writ of mandate to set aside the order denying him a real estate license. The petition was denied. The trial court found substantial evidence supported the DRE's decision and rejected Berg's contentions that he was denied proper notice and that evidence concerning his civil fraud trial and disbarment proceedings was improperly excluded.

---

[2] At the hearing, the reference to Business and Professions Code section 480, subdivision (a) was deleted on motion of DRE.

## DISCUSSION

In reviewing administrative proceedings that do not affect a fundamental right, such as an attempt to obtain a license to engage in a profession or business, the trial court must uphold the decision of the administrative agency if supported by substantial evidence. (*Harrington v. Department of Real Estate* (1989) 214 Cal.App.3d 394, 404 [263 Cal.Rptr. 528].) We review the trial court's findings under the same substantial evidence test. (*Ibid.*)

In a rambling, disjointed, and repetitive brief, Berg attacks the decision to deny him a real estate salesperson's license on several grounds. Although we review the decision of the trial court, Berg addresses his contentions to the findings of the ALJ. To the extent we can, we consider Berg's contentions as they relate to the trial court's decision.

DRE based its decision on the provisions of Business and Professions Code section 10177, subdivision (f) (hereafter section 10177(f)), which provides in part that the Real Estate Commissioner may suspend or revoke the license, or deny the issuance of a license to an applicant who "has either had a license denied or had a license issued by another agency of this state, another state, or the federal government revoked or suspended for acts that, if done by a real estate licensee, would be grounds for the suspension or revocation of a California real estate license, if the action of denial, revocation, or suspension by the other agency or entity was taken only after giving the licensee or applicant fair notice of the charges, an opportunity for a hearing, and other due process protections comparable to the [APA] . . . and only upon an express finding of a violation of law by the agency or entity."

In addressing Berg's myriad contentions, we consider whether the trial court erred in finding substantial evidence that DRE established the requirements of section 10177(f).

### A. Charging Document

Government Code section 11503 sets forth the requirements of the charging document. "The accusation shall be a written statement of charges which shall set forth in ordinary and concise language the acts or omissions with which the respondent is charged, to the end that the respondent will be able to prepare his defense. It shall specify the statutes and rules which the respondent is alleged to have violated, but shall not consist merely of charges phrased in the language of such statutes and rules." (Gov. Code, § 11503.)

Here, the charging document or statement of issues set forth that the Supreme Court ordered Berg "disbarred from the practice of law for violation

of Section 6106 of the Business and Professions Code and Rules of Professional Conduct 2-107, 4-100(A)(2) and 4-100(B)(4). [¶] The revocation of Respondent's license to practice law in the State of California as described in Paragraph III above, constitutes cause for denial of Respondent's application for a real estate license under Section[] . . . 10177(f) of the California Business and Professions Code."

■ Berg contends the charging document failed to comply with the requirements of Government Code section 11503, in part due to reasons that are discussed below. He also contends it does not comply because it fails to specify the acts of dishonesty. Berg relies on *Manning v. Watson* (1952) 108 Cal.App.2d 705 [239 P.2d 688], in which an accusation was found defective because it failed to state the acts or omissions upon which the commissioner could proceed. *Manning* is distinguishable. At the time of *Manning*, section 10177(f) required proof of conduct that would have warranted denial of a real estate license. (*Manning, supra,* 108 Cal.App.2d at p. 707.) The section has been amended and now permits denial of a real estate license based on either conduct that would have warranted denial of a real estate license or a prior license revocation alone, under specified circumstances. (Stats. 1987, ch. 588, § 1, pp. 1904–1905.)

DRE's accusation complied with the requirements of Government Code section 11503.

## B. Substantial Evidence

Berg contends the decision to reject his application for a real estate license is not supported by substantial evidence because the ALJ considered hearsay evidence. DRE's case consisted entirely of documents. Berg objected to the receipt into evidence of hearsay facts contained in the opinions of the State Bar Court and the Review Department, and those in the unpublished Court of Appeal decisions affirming the fraud judgment. Berg argued judicial notice could be taken of the existence of the opinions and the results reached, but not the facts set forth in the opinions.

The ALJ found it unnecessary to rule on the objections because the hearsay evidence was used only to supplement or explain Berg's disbarment and such use of hearsay is permitted by Government Code section 11513, subdivision (d). Government Code section 11513, subdivision (d) provides in part: "Hearsay evidence may be used for the purpose of supplementing or explaining other evidence but over timely objection shall not be sufficient in itself to support a finding unless it would be admissible over objection in civil actions."

The ALJ relied on the facts in the opinions only to find that Berg was disbarred for acts of fraud or dishonest dealing that if done by a real estate licensee would be grounds for revocation of the real estate license under Business and Professions Code section 10177, subdivision (j). As discussed above, section 10177(f) does not always require proof of the underlying bad conduct; it is sufficient to show another license was revoked due to the bad conduct. The facts of the opinions were not used to prove that Berg committed acts of fraud and dishonest dealing, only to explain the basis of the disbarment. Because the facts of the opinions were admitted only to explain other properly admitted evidence, such use of hearsay was proper in an administrative proceeding under Government Code section 11513, subdivision (d).

### C. Impeachment of Prior Judgments

Berg devotes much of his opening brief to arguing that the civil fraud case and the disbarment proceedings were unfair because he was not allowed to put on evidence to show that he eventually did the work for which he billed TDIC or to explain the nature of the work he did. Berg contends it was error to permit preclusive use of prior judgments without an evaluation of whether such proceedings were conducted fairly and Berg had an opportunity to fully present his case.

At the hearing Berg submitted written offers of proof as to the expected testimony of his expert, Jonathan Arons, and himself on the unfairness of the disbarment proceedings and the civil fraud trial. The ALJ ruled neither could testify about the unfairness of the prior proceedings. The ALJ found it would not be appropriate to consider a collateral attack on the prior judgments. The trial court found this ruling was correct.

Berg contends case law requires a determination that prior litigation was fair before the prior judgment may be given preclusive effect. He cites to *Richards v. Gordon* (1967) 254 Cal.App.2d 735 [62 Cal.Rptr. 466] (*Richards*), and *Brandt v. Fox* (1979) 90 Cal.App.3d 737 [153 Cal.Rptr. 683]. Neither case supports his position.

In *Richards*, the DRE revoked a real estate license based on a civil fraud judgment against the licensee; at the hearing the licensee was not allowed to impeach the judgment. (*Richards, supra*, 254 Cal.App.2d at p. 737.) The trial court vacated the order of revocation, finding the final judgment was not conclusive but only established a prima facie case the licensee committed fraud. (*Ibid.*) The appellate court reversed, finding the trial court erred in finding the licensee was not collaterally estopped from impeaching the prior findings and judgment of fraud. (*Id.* at p. 742.) An offer of proof impeaching the prior judgment should be rejected. (*Ibid.*)

An attempt to impeach a prior judgment was not involved in *Brandt v. Fox, supra,* 90 Cal.App.3d 737. Plaintiff was denied a real estate license due to a prior felony conviction. The court found that decision was not supported by substantial evidence because there was no finding the conviction was substantially related to the qualifications, functions, or duties of a real estate salesman. (*Id.* at p. 749.)

■  It is well established that collateral estoppel principles apply in an administrative proceeding to prevent the impeachment of a prior final judgment. (*Richards, supra,* 254 Cal.App.2d 735, 738; see also *Deas v. Knapp* (1981) 29 Cal.3d 69, 78–79 [171 Cal.Rptr. 823, 623 P.2d 775].) Criticism of the conduct of the trial may be appropriate in a motion for a new trial or on appeal, but has no place in a subsequent licensing disciplinary proceeding. (*Richards, supra,* at p. 740.) The trial court did not err in upholding the ALJ's decision to reject evidence impeaching the prior judgments.

### D.  Due Process

Section 10177(f) requires that the prior license denial, revocation or suspension be "taken only after giving the licensee or applicant fair notice of the charges, an opportunity for a hearing, and other due process protections comparable to the [APA] . . . ." As noted above, Berg was given fair notice of the charges in the adequate charging document and he had a hearing before the State Bar Court. He contends the due process protections in attorney discipline proceedings are not comparable to those under the APA because State Bar judges do not have tenure and may be removed without cause and there is no full judicial review with oral argument and a written judicial opinion.

■  Berg first notes that disbarment proceedings have been described as "peculiar to themselves" (*Johnson v. State Bar* (1935) 4 Cal.2d 744, 759 [52 P.2d 928]) and "sui generis" (*In re Rose* (2000) 22 Cal.4th 430, 453 [93 Cal.Rptr.2d 298, 993 P.2d 956]). Section 10177(f) does not require the license denial, revocation or suspension proceedings be exactly the same as those under the APA, only that they provide comparable due process protections. We reject the suggestion that a unique proceeding cannot be comparable and address Berg's specific concerns.

■  Berg contends disbarment procedures lack sufficient due process protections because judges of the State Bar Court lack tenure. They are appointed by the Supreme Court, the Governor, or certain legislators. (Bus. & Prof. Code, § 6079.1, subd. (a).) They serve for six-year terms and may be subject to discipline upon the same grounds as provided for judges of courts of record. (*Ibid.*) By contrast, ALJ's are subject to civil service protections

against arbitrary or retaliatory dismissal. (*Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd.* (2002) 99 Cal.App.4th 880, 886 [121 Cal.Rptr.2d 729].) Berg has failed to show tenured judges are a requirement of due process; judges of constitutional courts also serve limited terms and must stand for election. (Cal. Const., art. VI, § 16.)

■ Berg next contends that disbarment proceedings are not comparable to those under the APA because the attorney is not guaranteed full judicial review, that is oral argument and a written judicial opinion. The Supreme Court may, as it did in Berg's case, summarily deny the attorney's petition for review of a State Bar Court decision. In *In re Rose, supra*, 22 Cal.4th 430, 458, the California Supreme Court held "the due process clause does not require that we hear oral argument or issue a written opinion before denying an attorney's petition for review of a State Bar Court decision recommending disbarment or suspension." "[U]nder any measure, the procedural scheme here at issue is constitutionally valid." (*Ibid.*) Berg's citation to the dissenting opinions in *In re Rose* does not aid his cause. We are bound by the Supreme Court's decision. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)

E.    Express Finding of Violation of Law

Berg contends the Supreme Court did not make an express finding of a violation of law in its disbarment order, as required by section 10177(f). He notes the Supreme Court order disbarring him does not recite any violations and the State Bar Court's factual findings are not binding on the Supreme Court. (*In re Rose, supra*, 22 Cal.4th 430, 453.)

Although the State Bar Court findings are not binding on the Supreme Court, the Supreme Court may adopt them. In this case, it did so by summary denial of Berg's petition for review. "Denial of review of a decision of the State Bar Court shall constitute a final judicial determination on the merits and the recommendation of the State Bar Court shall be filed as an order of the Supreme Court." (Cal. Rules of Court, rule 954(b).) The State Bar Court found Berg violated Business and Professions Code section 6106, and former rule 2-107 and rule 4-100(A)(2) of the Rules of Professional Conduct. The Review Department found he also violated rule 4-100(B)(4) of the Rules of Professional Conduct. The requirement of "an express finding of violation of law by the agency or entity" was met.

## DISPOSITION

The judgment is affirmed. Respondent shall recover his costs on appeal. (Cal. Rules of Court, rule 27(a).)

Sims, Acting P. J., and Nicholson, J., concurred.

A petition for a rehearing was denied June 28, 2005, and appellant's petition for review by the Supreme Court was denied August 31, 2005.