[No. F010192. Fifth Dist. June 21, 1989.]

ROBERT WILLIAM HARRINGTON, Defendant and Appellant, v. DEPARTMENT OF REAL ESTATE, Plaintiff and Respondent.

COUNSEL

Wild, Carter, Tipton & Oliver and Richard A. Harris for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Robert F. Tyler and Edward P. Hollingshead, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

MARTIN, Acting P. J.—On May 22, 1986, appellant Robert William Harrington applied with the California Department of Real Estate (Department) for a salesperson's license. On September 9, 1986, the Department issued a "Statement of Issues" denying the application for the following reasons: (1) On April 27, 1981, appellant was convicted of a violation of section 7028 of the Business and Professions Code (contracting without a license), and on November 18, 1982, appellant was convicted of a violation of section 476a of the Penal Code (passing a worthless check), both of which are crimes of moral turpitude which bear a substantial relationship to the qualifications, functions or duties of a real estate licensee, and (2) appellant answered falsely a question on his application which sought information about previous denials, revocations, suspensions, or restrictions of professional/business licenses.

Appellant challenged the denial, and a hearing before an administrative law judge (ALJ) was held on November 11, 1986, at which appellant testified and submitted evidence in support of his application. On December 11, 1986, the ALJ issued his proposed decision and findings, upholding the Department's denial of appellant's application for license. The Real Estate Commissioner of the State of California adopted the proposed decision and findings of the ALJ and denied the license. Appellant filed a petition for reconsideration on January 5, 1987, which was denied on February 11, 1987.

Pursuant to Code of Civil Procedure section 1094.5, appellant filed a writ of administrative mandamus in Fresno County Superior Court on March 31, 1987. The writ was heard before the Honorable Nickolas Dibiaso on November 20, 1987. The court considered the entire administrative record, and the oral and written arguments of the parties. On February 29, 1988, judgment was entered in favor of the Department, denying appellant's writ in its entirety. This appeal followed.

## FACTS

The following facts were developed in the administrative record concerning the grounds for denial of the license:

### Conviction of a Violation of Business and Professions Code Section 7028

On April 27, 1981, appellant entered a plea of no contest to charges he violated section 7028 of the Business and Professions Code (contracting without a license). Appellant was fined $250 and placed on three years' probation. Appellant had entered into an agreement with Debbie Klien to build and install a spa and glass room enclosure. The work was abandoned incomplete after the installing subcontractor failed to install the spa correctly. The $5,275.62 appellant received from Klien for the work was not refunded. The debt was discharged in a bankruptcy proceeding filed by appellant shortly after Klien initiated a lawsuit to recover the $5,275.62.

### Conviction of a Violation of Penal Code Section 476a

On November 18, 1982, appellant entered a no contest plea to charges that he violated section 476a of the Penal Code (making, passing, or drawing a worthless check).

Appellant was fined $250 and ordered to pay full restitution. Appellant had difficulty making the payments on his fine and several bench warrants were issued. At the administrative hearing appellant testified he was uncertain as to whether the fine (and the additional fines imposed for failure to make timely payments) had been paid. He believes $100 may remain outstanding.

In addition to the above convictions, several civil lawsuits were filed against appellant between 1981 and the date of the hearing. Appellant has an outstanding judgment against him in the amount of $1,512 resulting from an eviction. Two actions were filed against appellant in small claims court alleging a failure to pay for services or goods. One of the actions, which was reduced to judgment adverse to appellant, involved allegations of passing a check in the amount of $1,043.63 without sufficient funds.

### False Answer on Application

The license application which appellant submitted to the Department asked the following question: "21. Have you ever had a business/professional license (including real estate) in California or any other state

DENIED, SUSPENDED, RESTRICTED OR REVOKED?" Appellant answered the question "No" and placed a question mark next to the box. In the comment section of the application, he made the following remark: "21-License came up for renewell [sic] and because of 24-c,[1] not sure if denied or not."

In late 1983 appellant applied to the Department of Motor Vehicles (DMV) for a license to sell automobiles. On January 5, 1984, appellant was advised that his application was denied because of his conviction under Penal Code section 476a. DMV did, however, grant appellant a probationary license. Appellant testified he did not intentionally omit this information from his application for a real estate license, but the DMV refusal had "slipped his mind" because he was not using his probationary vehicle sales license at the time.

On March 6, 1984, the Insurance Commissioner of the State of California revoked appellant's insurance sales license on the grounds he had been convicted of a crime involving moral turpitude. Appellant testified that the question mark which he placed on his application next to his answer to question number 21, and his comment concerning the answer given, were intended to indicate his uncertainty as to whether the insurance license had been "denied, revoked, suspended or restricted."

### ALJ's Findings and Determinations

The ALJ found appellant's testimony that he was unaware he was breaking the law when he contracted with Klien to be unconvincing. He also found appellant's testimony that he had forgotten about his probationary vehicle sales license when completing his application unconvincing. In addition, the ALJ found appellant had failed to demonstrate any significant evidence of rehabilitation and that appellant's crimes substantially relate to the qualifications, duties and functions of a real estate licensee. The ALJ recommended appellant not be licensed.

### DISCUSSION

### I. APPELLANT'S CRIMES INVOLVE MORAL TURPITUDE AND SUFFICIENTLY RELATED TO THE QUALIFICATIONS OF A REAL ESTATE SALESPERSON SO AS TO JUSTIFY DENIAL OF A LICENSE

Appellant contends his two convictions do not involve moral turpitude and are not substantially related to the qualifications, functions or duties of

---

[1] "24-c" was the section in which appellant listed his prior convictions.

real estate salespersons. Therefore, under Business and Professions Code sections 480 and 10177, subdivision (b), they cannot be used as the grounds for denying his application for a real estate sales license.[2] At the administrative law hearing appellant essentially made the same argument. The ALJ disagreed and found appellant's convictions were grounds for denial of the license application under Business and Professions Code sections 480, subdivision (a), and 10177, subdivision (b).

■ The determination of whether conduct involves "moral turpitude" is a question of law and is to be decided by the appellate court. (*Matanky* v. *Board of Medical Examiners* (1978) 79 Cal.App.3d 293 [144 Cal.Rptr. 826]; see also *Yakov* v. *Board of Medical Examiners* (1968) 68 Cal.2d 67, 74-75, fn. 7 [64 Cal.Rptr. 785, 435 P.2d 553].)

## A. THE CONVICTIONS INVOLVE CRIMES OF MORAL TURPITUDE

■ Business and Professions Code section 10177, subdivision (b), provides that the real estate commissioner may refuse to issue a license to any applicant who has "[e]ntered a plea of guilty or nolo contendere to, or been found guilty of, or been convicted of, a felony or a crime involving moral turpitude, . . ." The concept of "moral turpitude" is an elusive one. However, there is widespread agreement that convictions of crimes involving fraudulent intent and intentional dishonesty for personal gain establish

---

[2] Business and Professions Code section 480 provides in relevant part: "(a) A board may deny a license regulated by this code on the grounds that the applicant has one of the following: [¶] (1) Been convicted of a crime. A conviction within the meaning of this section means a plea or verdict of guilty or a conviction following a plea of nolo contendere. . . . [¶] (2) Done any act involving dishonesty, fraud or deceit with the intent to substantially benefit himself or another, or substantially injure another; or [¶] (3) Done any act which if done by a licentiate of the business or profession in question, would be grounds for suspension or revocation of license. [¶] The board may deny a license pursuant to this subdivision only if the crime or act is substantially related to the qualifications, functions or duties of the business or profession for which application is made. [¶] (b) Notwithstanding any other provision of this code, no person shall be denied a license solely on the basis . . . that he has been convicted of a misdemeanor if he has met all applicable requirements of the criteria of rehabilitation developed by the board to evaluate the rehabilitation of a person when considering the denial of a license under subdivision (a) of Section 482. [¶] (c) A board may deny a license regulated by this code on the ground that the applicant knowingly made a false statement of fact required to be revealed in the application for such license."

Business and Professions Code section 10177 provides in relevant part: "The commissioner may suspend or revoke the license of any real estate licensee, or may deny the issuance of a license to an applicant, who has done, . . . any of the following: [¶] (a) Procured, or attempted to procure, a real estate license or license renewal, for himself or herself or any salesperson, by fraud, misrepresentation or deceit, or by making any material misstatement of fact in an application for a real estate license, license renewal or reinstatement. [¶] (b) Entered a plea of guilty or nolo contendere to, or been found guilty of, or been convicted of, a felony or a crime involving moral turpitude, . . . [¶] (j) Any other conduct, whether of the same or a different character than specified in this section, which constitutes fraud or dishonest dealing. . . ."

moral turpitude as a matter of law. (See *In re Hallinan* (1957) 48 Cal.2d 52 [307 P.2d 1]; *Yakov v. Board of Medical Examiners, supra*, 68 Cal.2d 67, 73 [64 Cal.Rptr. 785, 435 P.2d 553]; *Morrison v. State Board of Education* (1969) 1 Cal.3d 214 [82 Cal.Rptr. 175, 461 P.2d 375]; *Golde v. Fox* (1979) 98 Cal.App.3d 167, 185 [159 Cal.Rptr. 864]; *Brewer v. Department of Motor Vehicles* (1979) 93 Cal.App.3d 358, 365-366 [155 Cal.Rptr. 643].)

■ Appellant entered a plea of no contest to a violation of Penal Code section 476a.[3] A necessary element of section 476a is an intent to defraud. Intent to defraud is defined as an intent to deceive another person for the purpose of gaining some material advantage and to accomplish that purpose by a false statement or representation or by any other deceptive act. (See CALJIC No. 15.26, Civ. Code, §§ 1572, 1709, 1710.) Therefore, as a matter of law appellant's conviction under Penal Code section 476a is a conviction of a crime involving moral turpitude.

■ Not all crimes involve elements of deceit or intent to defraud. However, even crimes where deceit is not an actual element of the crime can involve moral turpitude. When, after reviewing the entire course of appellant's conduct, one can reasonably conclude appellant was dishonest or engaged in deceit in the course of committing the crime, a finding that the crime involved moral turpitude is justified. (See *Golde v. Fox, supra,* 98 Cal.App.3d at p. 181; *Brewer v. Department of Motor Vehicles, supra,* 93 Cal.App.3d at p. 365 [moral turpitude can be defined by reference to fitness for performance of a profession].)

■ Appellant violated Business and Professions Code section 7028 when he undertook to install a spa without a contractor's license. The ALJ rejected appellant's testimony that he did not know he was violating the law by acting without a contractor's license. Issues of credibility are to be resolved by the hearing officer. (*Matanky v. Board of Medical Examiners supra,* 79 Cal.App.3d 293.) The hearing officer was free to accept or reject appellant's explanation of the circumstances surrounding the commission of the crime. (*Morris v. Board of Medical Examiners* (1964) 230 Cal.App.2d 704, 714 [41 Cal.Rptr. 351, 12 A.L.R.3d 1201].) Furthermore, appellant took money from Klien but failed to perform the services promised or to refund the money. Appellant received personal benefit from a willful viola-

---

[3] Penal Code section 476a provides in part: "Any person who for himself or as the agent or representative of another or as an officer of a corporation, willfully, with *intent to defraud,* makes or draws or utters or delivers any check, or draft or order upon any bank or depositary, or person, or firm, or corporation, for the payment of money, knowing at the time of such making, drawing, uttering or delivering that the maker or drawer or the corporation has not sufficient funds . . . , is punishable by imprisonment in the county jail for not more than one year, or in the state prison." (Italics added.)

tion of the law and a member of the public was deceived as to appellant's status as a contractor. Such conduct falls within the well-accepted definition of "moral turpitude." (See *Arneson* v. *Fox* (1980) 28 Cal.3d 440 [170 Cal.Rptr. 778, 621 P.2d 817].)

## B. THERE IS A SUFFICIENT RELATIONSHIP BETWEEN APPELLANT'S CONVICTIONS AND THE QUALIFICATIONS OF A REAL ESTATE SALESPERSON SO AS TO JUSTIFY DENIAL OF THE LICENSE

■ Conviction alone will not support a denial of a license unless the crime substantially relates to the qualifications, functions, or duties of the business or profession in question. (Bus. & Prof. Code, § 480, subd. (a)(3); *Loder* v. *Municipal Court* (1976) 17 Cal.3d 859, 874 [132 Cal.Rptr. 464, 553 P.2d 624], cert. den. (1977) 429 U.S. 1109 [51 L.Ed.2d 562, 97 S.Ct. 1143]; *Arneson* v. *Fox, supra,* 28 Cal.3d 440; *Golde* v. *Fox, supra,* 98 Cal.App.3d 167; *Brandt* v. *Fox* (1979) 90 Cal.App.3d 737 [153 Cal.Rptr. 683].) Honesty and truthfulness are two qualities deemed by the Legislature to bear on one's fitness and qualification to be a real estate licensee. If appellant's offenses reflect unfavorably on his honesty, it may be said he lacks the necessary qualifications to become a real estate salesperson. (*Golde* v. *Fox, supra,* 98 Cal.App.3d at p. 176.) The Legislature intended to ensure that real estate brokers and salespersons will be honest, truthful and worthy of the fiduciary responsibilities which they will bear. (*Ring* v. *Smith* (1970) 5 Cal.App.3d 197, 205 [85 Cal.Rptr. 227]; *Golde* v. *Fox, supra,* 98 Cal.App.3d at p. 177.)

Appellant's convictions each involved crimes where appellant intentionally defrauded members of the public and willfully violated the law. They did not involve acts which reflect only on his personal morals or vices, such as those in *Brandt* v. *Fox, supra,* 98 Cal.App.3d 167, (a narcotic offense), but involve breach of professional promises, dishonesty in financial transactions, and disregard of the laws governing professional relationships. These are the types of misconduct which the Legislature intended to prevent when establishing the minimum licensing standards for professions possessing the public trust. (*Golde* v. *Fox, supra.*) Title 10, California Code of Regulations, section 2910, subdivision (7), provides that the willful failure to comply with a statutory requirement that a license be obtained from a duly constituted public authority before engaging in a business is to be deemed to be substantially related to the qualifications of a licensee of the Department.

After the ALJ found appellant's testimony concerning his convictions "unconvincing", the ALJ made a finding that honesty and integrity are important qualifications for one in the real estate profession. That appellant's convictions bear a substantial relationship to the qualifications of a

real estate salesperson so as to justify denial of a license can be implied from the above findings. A conviction in which an essential element of the crime charged is an intent to defraud demonstrates a character lacking in honesty and integrity.

## II. THERE IS SUFFICIENT EVIDENCE TO SUPPORT A FINDING THAT APPELLANT WAS UNTRUTHFUL IN THE APPLICATION PROCESS

■■■ Appellant contends there is insufficient evidence to support a finding he was untruthful in the application process. He argues question number 21 is ambiguous and that the question mark he placed next to his negative response indicates his uncertainty as to the intent of the question. While it is true the question does not specifically ask whether the applicant had ever received a probationary or conditional license to practice a profession, there is sufficient evidence in the record to support a finding that appellant understood the question and falsely represented his previous difficulties in obtaining and retaining professional licenses.

Business and Professions Code section 10177, subdivision (a), provides that a license may be denied when an applicant has attempted to procure a license by fraud, misrepresentation, or deceit, or by any misstatement of material fact on an application for a license. Question 21 of the application asks applicants whether they have ever had a license denied, revoked, suspended, or restricted. Appellant has twice before had difficulty with obtaining and retaining a professional license because of his convictions. On one occasion he was informed his insurance license was revoked and on a second occasion he was informed specifically that his application for a vehicle sales license was denied and that he instead was granted a probationary license.

In 1984, appellant's insurance agent's license was revoked because of the two convictions which are under consideration here. Appellant testified he may have received the correspondence from the insurance commissioner, but he was not interested in selling insurance any longer so "it didn't affect me." The findings and decision of the insurance commissioner clearly state the license was *revoked,* not that the renewal was being denied. In the comment portion of his application for the real estate license, appellant wrote that the insurance license had come up for renewal and, because of the prior convictions, he was not sure whether the license was "denied or not." The ALJ was free to reject appellant's testimony and draw the adverse inference that appellant understood the question but chose to misstate the facts.

Also in 1984, appellant applied for a vehicle sales license with the DMV. Based on his Penal Code section 476a conviction, DMV refused to issue an

unconditional license to appellant. Instead, it issued a probationary license for a period of three years. Appellant did not mention DMV's refusal to issue a regular license or the fact that he was issued only a probationary license on his application for a real estate salesperson's license. Appellant testified at the hearing he had not intentionally omitted the above information, but had forgotten the DMV refusal because he was not using his probationary license at the time. The ALJ found appellant's testimony on this issue "unconvincing."

The ALJ was free to reject appellant's explanation as to why the DMV denial and conditional granting of a probationary license were not noted on the application for a real estate license. (*Morris* v. *Board of Medical Examiners, supra*, 230 Cal.App.2d 704.) At the hearing appellant did not claim that he was confused about whether the DMV experience should have been noted on the application, although his counsel argued confusion at the trial court hearing. Instead, appellant explained that the reason he failed to mention the DMV incident was that he had forgotten about the denial. Again, the ALJ was not convinced the oversight was unintentional and impliedly concluded appellant's omission was an act of intentional deceit. The ALJ's adverse conclusion regarding appellant's truthfulness during the application process is supported by reasonable inferences which can be drawn from the documents which the ALJ had before him and his own conclusions concerning appellant's truthfulness at the administrative hearing. On appeal, the prevailing party must be given the benefit of all reasonable inferences in support of the judgment. (*Toyota of Visalia, Inc.* v. *Department of Motor Vehicles* (1984) 155 Cal.App.3d 315, 325-326 [202 Cal.Rptr. 190].)

■ In reviewing administrative proceedings which do not affect a fundamental vested right under Code of Civil Procedure section 1094.5, the trial court must uphold the findings and decision of the administrative agency, if they are supported by substantial evidence in light of the whole record. (*Strumsky* v. *San Diego County Employees Retirement Assn.* (1974) 11 Cal.3d 28 [112 Cal.Rptr. 805, 520 P.2d 29]; *Bixby* v. *Pierno* (1971) 4 Cal.3d 130 [93 Cal.Rptr. 234, 481 P.2d 242].) An attempt to obtain a license to engage in a profession or business does not involve a fundamental vested right. (*Bixby* v. *Pierno, supra*, 4 Cal.3d at p. 146, citing *McDonough* v. *Goodcell* (1939) 13 Cal.2d 741, 753 [91 P.2d 1035, 123 A.L.R. 1205].) On appeal, the appellate court's review of the trial court's findings is limited to an examination of the record to determine whether they are supported by substantial evidence. (*Nicolini* v. *County of Tuolumne* (1987) 190 Cal.App.3d 619, 625, fn. 2 [235 Cal.Rptr. 559]; *Pipkin* v. *Board of Supervisors* (1978) 82 Cal.App.3d 652, 663 [147 Cal.Rptr. 502].) ■ In this

instance, we conclude both the ALJ's findings and those of the trial court are amply supported by the evidence reviewed above.

### III. APPELLANT FAILED TO ESTABLISH SUFFICIENT EVIDENCE OF REHABILITATION

The administrative findings of the ALJ demonstrate the rehabilitation evidence introduced by appellant was considered and rejected. Appellant argues he has demonstrated that he is rehabilitated and of good character pursuant to the criteria of rehabilitation set forth in title 10, California Code of Regulations, section 2911.[4] ■ However, the penalty imposed by an administrative agency will not be disturbed unless there has been a clear abuse of discretion. (*Martin* v. *Alcoholic Bev. etc. Appeals Bd.* (1959) 52 Cal.2d 287 [341 P.2d 296].)

■ Appellant claims that the time which has passed since his convictions, his compliance with the terms of the court ordered punishment and his testimony at the hearing that he had "learned his lesson" sufficiently establish rehabilitation. In our view, appellant has not established all of the above. He admits there may still be $100 in fines due on the Penal Code section 476a conviction. He also admits the amount owed to Klien has never been paid but was discharged in bankruptcy. It matters not that there was no court order to pay restitution to Klien. The criteria set forth in California Code of Regulations, section 2911, subdivision (b), ask whether there has been restitution. Section 2911, subdivision (f), asks whether the applicant has complied with court ordered payments. (Cal. Code Regs., tit. 10, § 2911, subds. (b), (f).) They are separate questions.

There is no evidence appellant has made any attempt to discharge the adjudicated debts or monetary obligations which he owes to others as a

---

[4] Title 10, California Code of Regulations, section 2911 provides in relevant part: "The following criteria have been developed by the department pursuant to Section 482(a) of the Business and Professions Code for the purpose of evaluating the rehabilitation of an applicant for issuance or for reinstatement of a license in considering whether or not to deny the issuance or reinstatement on account of a crime or act committed by the applicant: [¶] (a) The passage of not less than two years since the most recent criminal conviction or act of the applicant that is a basis to deny the departmental action sought. (A longer period will be required if there is a history of acts or conduct substantially related to the qualifications, functions or duties of a licensee of the department.) [¶] (b) Restitution to any person who has suffered monetary losses through 'substantially related' acts or omissions of the applicant. . . . [¶] (f) Payment of the fine or other monetary penalty imposed in connection with a criminal conviction or quasi-criminal judgment. . . . [¶] (i) Discharge of, or bona fide efforts toward discharging, adjudicated debts or monetary obligations to others. [¶] (j) Correction of business practices resulting in injury to others or with the potential to cause such injury. . . . [¶] (m) Change in attitude from that which existed at the time of the conduct in question as evidenced by any or all of the following: [¶] (1) Testimony of applicant. [¶] (2) Evidence from family members, friends or other persons familiar with applicant's previous conduct and with his subsequent attitudes and behavioral patterns."

result of the eviction action or the small claims actions noted in the statement of facts. The ALJ was not persuaded by appellant's testimony that he had "learned his lesson." Appellant's testimony, even as viewed from a cold record, indicates a nonchalance about his financial obligations. He offered only that he had been in a financial bind, which a real estate license would help cure, as an explanation of his past difficulties. Financial woes should not excuse dishonest or unlawful acts or relieve appellant from the financial obligations incurred during troubled times.

Furthermore, appellant's lack of candor in completing his license application is itself sufficient to sustain a finding that appellant does not yet appreciate the need to speak honestly about and to accept responsibility for one's actions. As the ALJ accurately noted, "One's character trait for honesty and integrity is an important qualification to be a real estate salesperson inasmuch as clients rely on the licensee's integrity in representing them, disclosing important facts about the properties he is privy to and holding monies in a fiduciary capacity." The public exposing itself to a real estate licensee has reason to believe the licensee must have demonstrated a degree of honesty and integrity in order to have obtained a license. (*Golde* v. *Fox, supra,* 98 Cal.App.3d at p. 178.) Neither the trial court nor the ALJ abused its discretion in concluding appellant failed to demonstrate successful rehabilitation. Substantial evidence supports the findings and conclusions in this regard.

The judgment is affirmed. Respondent is awarded costs of appeal.

Stone (W. A.), J., and Baxter, J., concurred.